# MATTERS OF PRACTICE.

## CHITTENDEN COUNTY.

### JANUARY TERM, 1842.

ISAAC HIGBEE *v.* WILLIAM M. SUTTON and HARRY SUTTON.

Under the revised statutes, bills of exceptions must be filed with the clerk of the county court within thirty days from the rising of that court, and, if they are not so filed, they cannot be entertained in the supreme court.

IN this case the exceptions were not filed in the county court within thirty days after the rising of the court, in accordance with the requirements of the statute upon that subject. The party, in whose favor was the judgment in the court below, objected to proceeding in the case on account of that irregularity.

BY THE COURT.—The case is the same as if no exceptions had ever been taken or filed in the county court. After the expiration of thirty days from the rising of the county court, no exceptions can properly be placed upon the record. If a bill of exceptions be presented after that time has elapsed, the clerk has no power to receive them; and if he do receive them, and place them on file, they properly form no part of the record in the case, at least so far as bringing the case into this court on exceptions is concerned. The course of practice, at common law, required the bill of exceptions to be reduced to writing and presented to the judge during the

CHITTENDEN,
January,
1842. term, otherwise it could not be allowed. *Wright* v. *Sharp,* 1 Salk. 228. See *Pocklington* v. *Hatton,* 8 Mod. 221. When bills of exceptions, as the foundation of writs of error, come into general use in this state, the convenience of the court and the bar induced the practice of settling them during the vacation, and such, to some extent, was the practice at common law, although confessedly irregular. 1 Bos. Puller, 32, 33. It is now required, by statute, that this should be done within thirty days after the rising of the court. And, unless so done, the duty of the clerk is specifically pointed out. He is to erase the entry of exceptions and issue execution. We could not now suffer exceptions to be filed at a later period than that required by the statute, without thereby virtually repealing it. The case is not properly before this court, and must be treated as a mis-entry. From the case of *Gardner* v. *Baillie,* 1 B. & P. 32, it would seem that the bill of exceptions is never considered a part of the record until it is attached to it in the court of error. Here the court of error have no discretion upon that point. The bill of exceptions is not now brought into the court of error, as formerly, by the judge allowing it, but attached to the record below, and comes up as part of the record.