SILAS O. MEAD *v.* TOWN OF MORETOWN.

May Term, 1900.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed June 19, 1900.

*Time for filing exceptions under V. S. 1626*—Exceptions cannot be entertained by the Supreme Court unless they are filed with the clerk of the County Court within thirty days from the rising of that court.

*Same—Case left "with the court"—Case standing on report before No. 35, Acts of 1898, took effect*—Leaving a case with the court by agreement cannot extend the term of court for the purpose of filing exceptions.

*Hall* v. *Simpson*, 63 Vt. 601 distinguished.

PETITION in the nature of an appeal from the decision of the selectmen of Moretown establishing and opening a highway. The case came on for hearing on the report of commissioners, Washington County, September term, 1898, *Start*, J., presiding, and at the final adjournment of court December 3, 1898, was left "with the court." The court met December 28, for the disposition of cases so left, *Ross*, C. J. presiding, and at that time accepted the commissioners' report, made orders for establishing and opening the highway in question and rendered judgment for the petitioner to recover damages in accordance with the report. The petitioner excepted. The bill of exceptions was filed with the clerk of the County Court January 27, 1899.

*T. R. Gordon* for the petitioner.

*E. A. Heath, T. J. Deavitt* and *E. H. Deavitt* for the petitionee.

TAFT, C. J. The exceptions in this case were taken in the County Court for the County of Washington at its September Term, 1898. The court took its final adjournment on 3d December of that year. The court met for the disposition of cases which had been left "with the court" on the 28th day of

December and the bill of exceptions in this case was filed 27th January, 1899, more than fifty days after final adjournment. In causes pending in the County Court, exceptions must be filed with the clerk within thirty days from the rising of the court. V. S. sec. 1626. And if they are not so filed they cannot be entertained in the Supreme Court. *Higbee* v. *Sutton,* 14 Vt. 555; *Shattuck* v. *Oakes,* ib. 556; *Small* v. *Haskins,* 29 Vt. 187; *Nixon* v. *Phelps,* ib. 198. No agreement of the parties that exceptions may be filed after thirty days from the time of final adjournment can give jurisdiction to this court.

This case is not in conflict with *Hall* v. *Simpson,* 63 Vt. 601. It does not appear in that case whether the exceptions were filed within or after the expiration of thirty days from the time of final adjournment. The written statement of facts was amended more than thirty days after the rising of the court and the only question in that case was as to the power of amending the statement after the exceptions were filed. The court held that that could not be done. The effect of that case may be to hold that the parties cannot object to the validity of a judgment entered after the term of court has adjourned when the case has been left with the court for judgment, by agreement of parties. But in respect to exceptions, no agreement of the parties can extend the term of court for the purpose of filing them. A majority of the court hold they must be filed within thirty days from the time of final adjournment or the court cannot entertain them.

*Exceptions dismissed.*