STATE *v.* JAMES W. WEBB.

May Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed October 11, 1915.

*Criminal Law—Bill of Exceptions by Respondent—When Required to Be Allowed and Filed—P. S. 2322—History and Construction.*

Under P. S. 2322, providing that questions of law decided by the county court, arising upon demurrer, trial by jury, or motion in arrest, in a prosecution for a crime or misdemeanor "shall, after verdict of guilty is returned, upon motion of the respondent, be allowed and placed upon the record, and the same shall thereupon pass to the Supreme Court for final decision" etc., exceptions by a respondent can be allowed and placed upon the record only on his motion made in the trial court, and until they are so allowed and on the record the cause cannot pass to this Court, and so, where respondent's original bill of exceptions was not filed until after the final adjournment of the term of the county court at which the trial of the case was had, the case is not in this Court, and the bill of exceptions is dismissed.

INFORMATION charging that the respondent allowed his hound dogs to run at large, unaccompanied by owner or keeper, in violation of law. Plea, not guilty. Trial by jury at the September Term, 1914, Chittenden County, *Butler, J.,* presiding. Verdict, guilty; and judgment thereon. The respondent excepted, but did not file his duly signed and allowed bill of exceptions until after the adjournment of the term.

*Ezra M. Horton* and *Warren R. Austin* for the respondent.

*Theo. E. Hopkins,* State's Attorney, for the State.

WATSON, J.   The bill of exceptions shows that the original bill of which this is an amendment, was not filed until after the final adjournment of the term of the county court, at which the

trial of the case was had.   If the original bill was not filed within the time allowed by law, the case is not in this Court.

It seems that the first statute allowing a criminal case to be taken to this Court on exceptions for review on questions of law, decided in the county court, was passed in 1828, and so far as is material in determining this question, it reads:   ''That each and every question of law, decided in the county court, arising upon trial by jury, in a prosecution by indictment or information, for any crime or misdemeanor, may, after verdict of guilty is returned, if, upon consideration of the difficulty and importance of such question, such court shall so direct, and not otherwise, be allowed and placed upon the record, and the same shall thereupon pass to the Supreme Court, for final decision; and judgment, sentence and execution, shall, thereupon, be respited and stayed.''   Laws of 1828, No. 2, §1.

In the Revised Statutes, 168, §64, questions of law arising on demurrer, were included in the provisions of the statute given above, and section 65 provided for passing such a case to this Court on exception to the decision of the county court upon a motion in arrest of judgment, if that court upon like consideration should so direct, and not otherwise.   By section 67, no writ of error could be allowed in a criminal cause.   The law stood in this way until 1856, when an Act was passed (No. 9) making the law read:   ''Every question of law decided by the county court, arising upon demurrer, or upon trial by jury, or upon motion in arrest in any prosecution * * * for any crime or misdemeanor, shall, after verdict of guilty is returned, upon motion of the respondent, be allowed and placed upon the record; and the same shall thereupon pass to the Supreme Court for a final decision; and judgment, sentence and execution shall be thereupon respited and stayed in capital cases, and in all other cases at the discretion of the court.''   The provisions of this enactment have hitherto remained in force without change as to substance or meaning, and constitute the law as now found in section 2322 of the Public Statutes.

Thus it is seen that the statute giving to respondents the right of review after verdict of guilty was returned, upon a question of law arising in the trial court, made it to depend upon that court's ''consideration of the difficulty and importance of such question,'' until changed by the Act of 1856, to read ''shall * * * upon motion of the respondent, be allowed and placed

upon the record;" etc. It follows that when a verdict of guilty has been returned, and the respondent makes no such motion, it is the duty of the court to render judgment on the verdict and impose sentence; and (unless it be a case in which the respondent may be and is, by order of court, given the benefit of the law of probation) the rendition and entry of the judgment upon the docket, with sentence imposed, carries with it authority from the court to the clerk to issue such regular official processes as the judgment and sentence warrant. *State* v. *Shaw,* 73 Vt. 149, 50 Atl. 863. But if upon motion of the respondent such questions of law are allowed and placed upon record, then the statute requires that in capital cases, judgment, sentence and execution shall be respited and stayed. Yet how is the court to know whether to order such respite and stay, unless the respondent is required to make the motion, if at all, within the time of the court's power to grant the order, namely, within the term? The same course of reasoning holds good in other cases wherein such respite and stay are at the discretion of the court. The court has no discretion to exercise in those respects (outside of what it may have under the law of probation) until, upon respondent's motion, some question of law is allowed and placed upon the record as provided by the statute. If such question of law be allowed and recorded in this class of cases, and in the discretion of the court judgment, sentence and execution be respited and stayed, then the court may also in its discretion grant the respondent the right to give bail for his appearance before the Supreme Court, etc., and when bail is thus authorized, the recognizance may by statute be taken by a judge of the county court. P. S. 2390; *In re Comolli*, 78 Vt. 337, 63 Atl. 184. But how is the discretion of the court in these instances to be exercised, except it be within the term? After the respondent is in execution, he can not be admitted to bail. Const. of Vt., Ch. II, §32; *In re Comolli,* cited above.

From the foregoing considerations, we think the contemplation of the statute (P. S. 2322) is, that in cases to which it applies, exceptions shall be allowed and placed upon the record only "upon motion of the respondent," made in the trial court; and that until they are so allowed and on record, the cause shall not pass to this Court; and that such procedure must be had in that court within the term at which the trial is had. The statute contains no other provisions whereby questions of law arising in

the trial of such causes in the county court, can pass to this Court for final decision. We hold, therefore, that the original bill of exceptions was not filed within the time allowed by law, and consequently the case is not before us.

*Exceptions dismissed.*