### GUY W. BAILEY v. FRANK SAUNDERS.

January Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed January 18, 1916.

*Bill of Exceptions—Amendment—Time for Amendment.*

§ 12, No. 90, Acts 1915, providing that exceptions to the opinion of the county court on a question of law arising in a civil case shall be signed by the presiding judge and filed with the clerk within 30 days after the rising of the court, provided that a date before or after the expiration of such 30 days may be fixed by the court, and that, where the court has not otherwise directed, and such exceptions are not filed within that 30 days, nor within the time so fixed by the court, the clerk shall erase the entry of exceptions made on the docket and issue execution, applies only to an original bill of exceptions, and so where a bill of exceptions, though a skeleton bill, has been filed within the time fixed by law, the amendment thereof is within the control of the presiding judge.

ASSUMPSIT. Plea, the general issue. Heard by agreement, in vacation after the March Term, 1915, Chittenden County, *Slack,* J., presiding. Judgment for the plaintiff. The defendant excepted. Heard at the January Term, 1916, of the Supreme Court, on plaintiff's motion to dismiss the exceptions. The opinion states the case.

*Martin & Bailey* for the plaintiff.

*Sherman R. Moulton* for the defendant.

*By the Court.* This is a motion to dismiss defendant's exceptions. The case was tried by agreement before a superior judge in vacation, as provided in No. 81, Acts of 1910. Judgment for plaintiff was entered August 23, 1915. On September 20, 1915, the judge allowed and signed defendant's skeleton bill of exceptions subject to amendment to be completed within twenty days thereafter, which was filed September 21, 1915. A completed bill of exceptions not having been filed within the time limited, on October 11, 1915, and from time to time thereafter, the judge extended the time for completing the exceptions until December 1, 1915, on which day the amended bill was filed.

Plaintiff claims that the judge had no authority or jurisdiction to make an order extending the time after the expiration of that fixed in the original order, and insists that it was the duty of the clerk, by virtue of No. 90, Acts of 1915, sec. 12, to erase the entry of exceptions when the time fixed in the bill for amending the exceptions had expired. But this statute relates to the filing of an original bill of exceptions and not to an amendment thereof, which is within the control of the presiding judge where a bill of exceptions, though a skeleton bill, has been filed within the time fixed by law.

The point is made that the skeleton bill did not contain "any point or particulars" and therefore should be dismissed. The original bill of exceptions is not before us and so the point cannot be considered. It will be observed that the cases cited in support of the position relate to exceptions as finally settled and do not touch the question raised by the motion.

*Motion overruled.*