[L. A. No. 6383. In Bank.—December 18, 1919.]

GEORGE M. COOK, Petitioner, v. C. G. NOBLE, City Recorder of the City of Taft, County of Kern, State of California, Respondent.

[1] JUSTICE OF PEACE—DISQUALIFICATION TO PRACTICE LAW BEFORE RECORDER'S COURT IN COUNTY OF RESIDENCE.—In view of the nature and jurisdiction of a recorder's court, it being practically a justice's court, it comes within the spirit and policy of the provision of section 171 of the Code of Civil Procedure, which declares that no justice of the peace shall practice law before any justice's court in the county in which he resides.

[2] MANDAMUS—ACTS NOT ENFORCEABLE.—*Mandamus* will not lie to compel the performance of acts which are illegal, contrary to public policy, or which tend to aid in an unlawful purpose.

APPLICATION for a Writ of Mandamus to compel the City Recorder of the City of Taft, County of Kern, to allow a justice of peace of Kern County to practice law in his court.     Denied.

The facts are stated in the opinion of the court.

George M. Cook, *in pro. per.,* for Petitioner.

THE COURT.—Petitioner, a justice of the peace in Kern County, seeks a writ of *mandamus* to compel respondent, city recorder of the city of Taft, in Kern County, to allow him to practice law before him.  Section 171 of the Code of Civil Procedure, provides ''nor shall any justice of the peace practice law before any justice's court in the county in which he resides.''  [1] In view of the nature and jurisdiction of a recorder's court in a city or town, it being practically a justice's court, we are satisfied it comes within the spirit and policy of the provision of section 171 of the Code of Civil Procedure, that we have quoted, and that petitioner has no lawful right to practice in respondent's court.  [2] Regardless of any other question presented, it is well settled that *mandamus* will not lie to compel the performance of acts which are illegal, contrary to public policy, or which tend to aid an unlawful purpose.  (See *Godwin* v. *Carolina Tel. & Tel. Co.,* 136 N. C. 258, [103 Am. St. Rep. 941, 1 Ann. Cas. 203, and note, 67 L. R. A. 251, 48 S. E. 636].)

The application for a writ of *mandamus* is denied.

Angellotti, C. J., Wilbur, J., Lawlor, J., Olney, J., and Shaw, J., concurred.