MASON JONES *v.* E. H. METCALF.

Special Term at Brattleboro, February, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed March 2, 1921.

*Exceptions From a Municipal or City Court Must Be Filed With Its Clerk—G. L. 2258 Governs the Filing of Such Exceptions —Trial Court Has Authority to Extend Time for Filing Transcript.*

1.  Under G. L. 1647, 2258, exceptions taken by a party in municipal or city court should be filed with the clerk of that court and not with the clerk of the Supreme Court.
2.  Under G. L. 1647, the time for filing exceptions in municipal and city courts is governed entirely by the provisions of G. L. 2258.
3.  Where no special time was fixed for filing exceptions by the trial court, and a skeleton bill was filed within thirty days from the rendition of final judgment, the trial court had authority to extend the time for filing the transcript, although the time previously fixed had expired.

MOTION to dismiss the exceptions taken by the defendant from the rendition of a judgment for the plaintiff in the Brattleboro municipal court. The opinion states the case.

*Neil D. Clawson* and *William R. Daley* for the plaintiff.

*Herbert G. Barber* for the defendant.

Per Curiam. The only questions for consideration are raised by the motion to dismiss the defendant's exceptions. Judgment was entered for the plaintiff in the Brattleboro municipal court June 21, 1920, and a skeleton bill of exceptions was filed in that court July 7, 1920. The skeleton bill provided that "This bill of exceptions shall not be considered perfected until thirty days after the receipt of the transcript by the defendant's counsel, which shall be procured within thirty days of the 7th day of July, 1920, unless the time is further extended by this court." The transcript was not procured within the time specified, and on October 4, 1920, the court made a further order relating thereto, in the language following: "It is now ordered as of August 5, 1920, that such transcript be procured on or before October 14, 1920, and the time for procuring same is hereby extended to the last-named date." The transcript was filed on the last-named date, and all papers in the case were transferred to this Court November 11, 1920.

[1] No question is made by the plaintiff but that the provisions of G. L. 1647, 2258, as to time and manner of filing exceptions, apply in the instant case, but he contends that under the latter section exceptions must be filed with the clerk of this Court, within the time specified, rather than with the clerk of the lower court. This claim is without merit. That the "clerk" mentioned in this statute is the clerk of the county court would seem to be too clear to admit of argument. This is made doubly plain, however, by the language in the earlier statutes on this subject. In the revisions of 1840, 1850, and 1863 the language is: "Exceptions to the opinion of the county court * * * shall be * * * filed with the clerk of *such* court." The word *such* being superfluous was omitted, and properly so, in the later revisions; but the intent and meaning of the law remains the same. *Mead v. Town of Moretown,* 72 Vt. 323, 47 Atl. 1072, and cases cited. See, also, *Essex Storage Electric Company, Inc.* v. *Victory Lumber Company,* 93 Vt. 437, 108 Atl. 426, where we held that a motion for an appeal from an order of the Public Service Commission, to be availing, must be filed with the clerk of that commission. The only logical place to file a motion for an appeal, or

exceptions, is in the court or tribunal from whose order, decree, or judgment an appeal is, or exceptions are, taken. The exceptions in this case were properly filed in the municipal court.

[2]    It is urged by the defendant that the provisions of G. L. 2258, fixing the time for filing exceptions in the county court do not apply to municipal and city courts. It is not necessary, as will be seen, to pass upon this question in this case, but, as it has been fully argued, it seems proper to dispel any doubt that may exist concerning it. G. L. 1647 provides: "Exceptions to questions of law passed upon in the municipal and city courts may be taken and the cause passed to the Supreme Court and there decided and acted upon in the same manner as if passed to the Supreme Court from the county court," etc. Under this provision the time for filing exceptions in municipal and city courts is governed entirely by the provisions of G. L. 2258.

[3]    In the instant case no special time for filing exceptions was fixed by the trial court, and the skeleton bill was filed within thirty days from the rendition of final judgment. This being so, the court had authority to extend the time for filing the transcript, as it did by its order of October 4, although the time previously fixed had expired. *Bailey* v. *Saunders,* 90 Vt. 39, 96 Atl. 416; *Castonguay* v. *Grand Trunk Railway Co.,* 91 Vt. 371, 100 Atl. 908.

We do not consider the effect of the court's attempt to give force to this order "as of August 5, 1920," because it accomplished all that was desired, namely, extended the time for filing the transcript, by giving it effect as of the day when made.

*Motion denied.*