the payments on the note on which the judgment was entered as alleged in the petition. The payments, in fact, were admitted by the respondent, plaintiff in the judgment, but he claimed that they were made on another note, given by the Vandenburgs to him on the same day and for the same amount as the note on which he had caused the judgment to be entered, and that neither the note nor the judgment entered thereon had been paid. In rebuttal, it was denied that the payments were either made on or to be applied to another note. Mrs. Vandenburg denied that she ever joined her husband in any other note to Todd, except the note in question, and on which the judgment was entered.

After arguments of counsel and instructions by the court, the jury found there was nothing due and payable on said judgment.

On the day following the verdict:

Boyce, J. The rule in this case is made absolute, and upon the finding of the jury on the issue submitted to them, the judgment mentioned in the proceeding is vacated and set aside, and the execution issued thereon is quashed. Costs on the respondent in the rule and plaintiff in the judgment.

---

Meyer Goodfriend *vs.* Henry Bodenheimer Real Estate Light and Power Company, a Corporation, &c.

Pleading—Judgment for Want of Affidavit of Defense Denied When Affidavit of Demand Made Before Suit Brought.

Under *Rev. Code* 1915, § 4169, authorizing default judgment notwithstanding defendant's appearance in actions on mortgages, etc., unless defendant files an affidavit of defense, but providing that plaintiff must file an abstract or transcript of the mortgage, etc., with an affidavit stating the sum demanded and that it is justly due, the affidavit of demand must be rejected and judgment refused, where the abstract and affidavit were filed the day before the action was brought.

(*March* 18, 1921)

Boyce and Conrad, J. J., sitting.

*Herbert H. Ward, Jr.*, (of Ward, Gray and Neary) for plaintiff.
*David J. Reinhardt* for defendant.

Superior Court for New Castle County, March Term, 1921.

Sci. Fa. Sur. Mortgage, No. 126, January Term, 1921.

Action by Meyer Goodfriend against Henry Bodenheimer Real Estate, Light & Power Company. On motion for refusal of judgment notwithstanding the affidavit of demand filed. Judgment refused.

This was an action for the foreclosure of a mortgage, brought on the 28th day of December, 1920, to the January term following, and a certified abstract of the mortgage, with an affidavit of demand annexed thereto, made the day before bringing the action, was filed. There were two returns of nihil. No affidavit of defense was filed at the first term. At the second term there was a motion for judgment for plaintiff, under section 4169, *Rev. Code* 1915, and rule of court. A counter motion was made for defendant that judgment be refused, notwithstanding the affidavit of demand filed, because the affidavit had been made before bringing the action. *Miller v. Hart*, 3 *Penn.* 279, 51 *Atl.* 603, and *Woolley's Del. Prac.* § 261.

*Powell v. Carlisle*, 1 *Boyce*, 3, 74 *Atl.* 365, was relied on for plaintiff.

BOYCE, J. Adhering to the decision of the court in *Miller v. Hart*, the affidavit of demand must be rejected and judgment for the plaintiff is refused.

———————

DELAWARE SALES AND BROKERAGE COMPANY, a corporation existing under the laws of the State of Delaware, *vs.* THOMAS O. HAYDOCK, JR., and EVAN L. MOORE, Copartners, trading under the name of National Pipe and Supply Company.

1. SALES—ACCEPTANCE OF OPTION MUST BE UNCONDITIONAL.
   Generally the acceptance of an option must be unconditional.

2. SALES—OFFER TO PAY ON RECEIPT OF INVOICE A SUFFICIENT ACCEPTANCE OF OPTION, WHERE AMOUNT WAS NOT ASCERTAINABLE UNTIL RECEIPT OF INVOICE.

   Where option to purchase all or a portion of certain merchandise within certain period required buyer to deposit 10 per cent. of the purchase price at the time of the purchase, buyer's offer within the required period to pay the 10 per cent. immediately upon receipt of invoices was a sufficient acceptance of