ELIZA C. SHERWIN *v.* JED P. LADD AND F. E. LORD.

February Term, 1921.

Present:  WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 3, 1921.

*Mandamus—Insufficient Replication—No Exception to Court's Refusal to Pass Case to Supreme Court Before Final Judgment—Consideration of Case on Petition and Answer—Writ Will Not Be Granted When Unavailing—Exceptions Not Signed Until After Time for Filing Will Not Be Considered —Statute Fixing Time for Filing Exceptions Applies to Municipal Courts.*

1.  Where a petition for a writ of mandamus to compel a former city court judge to sign a bill of exceptions stated that before hearing the petitioner moved for a jury trial, and, on denial of the motion, was allowed an exception, and that she caused the bill of exceptions to be presented to the judge, but he refused to sign it, and she frequently requested him to pass the case to the Supreme Court before final judgment, but he refused to do so, and the answer alleged that the bill of exceptions was not presented to the judge until after the time for filing, and for that reason he refused to sign it, a replication alleging that, at the close of the trial, the petitioner requested the judge to pass the case to the Supreme Court before final judgment and that she frequently repeated such requests before the time for filing exceptions expired, is insufficient and subject to demurrer; for the allegation of repeated requests, etc., is immaterial, and the petitioner, if she desired to save her legal rights, should have proceeded in the legal manner.

2.  While, under G. L. 2262, the trial court may, in its discretion, pass a cause or proceeding to the Supreme Court before final judgment, when exceptions are taken and filed, an exception does not lie to its refusal to do so.

3.  When a demurrer to a replication in a mandamus suit is sustained, the case stands for consideration on the petition and

answer; and all averments of fact in the answer, and all
material allegations in the petition which stand admitted, are
taken to be true.

4.  A petition for a writ of mandamus is addressed to the sound
judicial discretion of the Supreme Court, and the writ will
never be granted when it will be unavailing.

5.  Exceptions not signed until after the time for filing them has
expired cannot be entertained by the Supreme Court.

6.  Under G. L. 1647, the provisions of G. L. 2258, fixing the time for
filing exceptions, apply to municipal and city courts.

PETITION to the Supreme Court for Chittenden County for
a writ of mandamus to compel a former judge of the Burlington
City Court to sign a bill of exceptions in a cause heard and de-
termined by him. Heard on petitionees' demurrer to petition-
er's replication. The opinion states the case.

*E. A. Ashland* for the petitioner.

*Theo. E. Hopkins* for the petitionees.

SLACK, J. This is a petition for a writ of mandamus to
compel a former judge of the Burlington city court to sign a
bill of exceptions in a cause heard and determined by him,
wherein one Brown was plaintiff, and this petitioner was defend-
ant. The instant case was heard on demurrer to the replication.
[1, 2]    The petition alleges that the original action was ac-
count; that before hearing the defendant, petitioner herein,
moved for a trial by jury, insisting that she was entitled thereto
under No. 91, Acts 1915, § 12 (G. L. 1651), which provides that,
"In civil causes, either party shall be entitled to a trial by a
jury of twelve persons"; that the motion was overruled, and she
was allowed an exception; that the cause was thereafter heard
by the court, and final judgment rendered for the plaintiff
November 1, 1920; that she caused a bill of exceptions to be
prepared and presented to the judge for his signature, and he
refused to sign the same; that she frequently requested the judge
to pass the case to the Supreme Court, before final judgment, on
the question of her right to a trial by jury, but he refused to do
so. The answer admits these allegations; and alleges, further,
that the bill of exceptions as drawn presented the single question

raised by the overruling of the defendant's motion for a jury trial; that it was not presented to the judge for his signature until December 6, 1920; that the time for filing exceptions in that case expired December 1, 1920, and that for that reason the judge did refuse to sign such exceptions. In reply, the petitioner alleges that at the close of the trial in the original case she requested the judge to pass the case to this Court, before final judgment, on the question of her right to a trial by jury, and that she repeated such requests frequently before the time for filing exceptions expired, but does not attempt, otherwise, to meet the new matter set up in the answer. The demurrer challenges the sufficiency of the replication on the ground that the replication fails to meet, by traverse or otherwise, the allegation in the answer that the bill of exceptions in the original case was not seasonably presented to the judge for his signature. The demurrer must be sustained. That the replication is defective in the particular pointed out by the demurrer is too plain to admit of argument. The allegation of repeated requests to pass the case to the Supreme Court, is immaterial. No court is required to comply with mere "requests". If a litigant desires to save his legal rights he must proceed in a legal manner, and if he would have the judgment of this Court he must come here in a proper way. Moreover, while the trial court may, "in its discretion," pass a cause or proceeding to this Court before final judgment, "when exceptions are taken and filed," in the trial court (G. L. 2262), an exception does not lie to its refusal to do so.

[3-5]     The replication being disposed of, the case is for consideration on the petition and answer. All averments of fact in the answer, and all material allegations in the petition which stand admitted, are taken to be true. *State* v. *Plumley et al.*, 83 Vt. 491, 76 Atl. 146. Since this is so, the writ must be denied. The petition being addressed to the sound judicial discretion of this Court, the writ will never be granted when it will be unavailing. *State* v. *Babcock*, 51 Vt. 570; *Kendall* v. *Aldrich*, 68 Vt. 478, 35 Atl. 429. The exceptions, if signed, could not avail the petitioner because the time for filing them expired before she took steps to have them allowed. G. L. 2258. *Hotel Vermont Company* v. *Cosgriff*, 89 Vt. 173, 94 Atl. 496; *Mead* v. *Moretown*, 72 Vt. 323, 47 Atl. 1072; *State* v. *Webb*, 89 Vt. 326, 95 Atl. 892.

[6]  The provisions of G. L. 2258, fixing the time for filing exceptions apply to municipal courts. G. L. 1647. *Jones* v. *Metcalf*, 95 Vt. 67, 112 Atl. 831.

At the time these proceedings were commenced, an execution had been issued on the judgment in the original case and was then in the hands of the petitionee Lord, who was restrained from proceeding therewith pending the determination of this petition.

*The writ is denied, and the petition dismissed with costs. The order restraining the petitionee Lord is vacated.*