CRYSTAL BROOK FARM, INC. *v.* CONTROL COMMISSIONERS OF DERBY.

October Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed November 7, 1933.

*Pierce & Miles* for the petitioner.

*Walter H. Cleary* for the petitionees.

POWERS, C. J. By this petition, the plaintiff seeks to compel the defendants to issue to it a license to sell beer on its premises in the town of Derby. An answer was filed, and facts have been found by a commissioner appointed by a Justice of this Court pursuant to G. L. 2249.

We find, however, that the case is to be disposed of on a proper interpretation of the statutes. The town of Derby voted against granting licenses for the sale of malt and fermented beverages; and when this application was made to them, the defendants refused to grant it on the ground that the plaintiff's property was not such a hotel as is described in section 7 of No. 10, of the Acts of the Special Session of 1933; and on the further ground that, in view of the vote above referred to, they, the commissioners, did not want beer sold there.

■ By section 7, of No. 140, Acts of 1933, the control commissioners were required to grant licenses under certain conditions. But by section 5 of the act of the Special Session above referred to, this provision was so amended as to leave it to the discretion of the commissioners whether such licenses shall be granted or not. The original act was mandatory; the amendatory is permissive. And, while as we said in *Walsh* v. *Farrington et al.*, 105 Vt. 269, 165 Atl. 914, 915, acts relating to the duties of public officers, permissive in form, are frequently construed to be mandatory in meaning, it is not so here. The act of the Special Session amended the former statute; and it must be taken, the contrary not appearing, that the Legislature in passing the amendment intended to change the law. *City of Winooski* v. *Companion*, 105 Vt. 1, 2, 162 Atl. 795. The change made by this amendment was to vest in the commissioners a discretion which was denied to them by the previous law.

■ ■ Mandamus lies to enforce the performance of ministerial acts. *Bankers' Life Ins. Co.* v. *Howland*, 73 Vt. 1, 17, 48 Atl. 435, 57 L. R. A. 374; *Clement* v. *Graham*, 78 Vt. 290, 319, 63 Atl. 146, Ann. Cas. 1913E, 1208. It cannot be resorted to to enforce the performance of judicial or *quasi* judicial acts—acts involving the exercise of judgment or discretion. *Sanborn* v. *Weir*, 95 Vt. 1, 5, 112 Atl. 228; *Walsh* v. *Farrington, supra*. The duty which these defendants were called upon to perform when application was made to them for a beer license involved the exercise of a wise discretion, was *quasi* judicial in character, and the discharge of it cannot be controlled by mandamus. *State* v. *Plumley*, 83 Vt. 491, 493, 76 Atl. 146.

■ Moreover, an application for a mandate is addressed to the sound judicial discretion of this Court. *Town of West*

*Rutland* v. *Rutland Ry. L. & P. Co.,* 96 Vt. 413, 420, 121 Atl. 755. It is not to be granted in all cases where a right in the applicant is made to appear. If circumstances are such as make it unwise or inexpedient to grant the writ, it will be refused when sought for the enforcement of a mere private right. *Bogan* v. *Holder,* 76 Miss. 597, 607, 24 So. 695; *New York Mortgage Co.* v. *Secretary of State,* 150 Mich. 197, 205, 114 N. W. 82; *Cook* v. *Noble,* 181 Cal. 720, 721, 186 Pac. 150. It will not be ordered to enforce an act against public policy or to work public mischief. *Duncan Townsite Co.* v. *Lane,* 245 U. S. 308, 62 L. ed. 309, 311, 38 Sup. Ct. 99.

The evils that may become incident to the sale of the beverages now made lawful, even, are or may become such as to involve the safety, morals, and peace of the whole community. Courts, therefore, should not, and this court will not impose upon a town a beer-shop which it has solemnly declared it did not want, and which its commissioners have decided it was unwise and inexpedient for it to have.

<div align="center">

*Petition dismissed with costs.*