# Carousel Grill, Inc. v. Liquor Control Board

[182 A.2d 336]

May Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed May 23, 1962

*O'Neill, Delany & Valente* for the petitioner.

*Charles E. Gibson, Jr.*, Deputy Attorney General, for the petitionee.

**Holden, J.** The Carousel Grill, Inc. has petitioned this Court for a writ of mandamus to compel the Vermont Liquor Control Board to issue first and third class licenses to the corporation for the ensuing year. The petition is met with a motion to dismiss filed in behalf of the State.

It appears that prior to May 1, 1962 the petitioner held first and third class licenses authorizing it to sell alcoholic beverages at its place of business in the city of Rutland. On May first the licensee was notified by the defendant's director of enforcement that the board had determined to withhold approval of the petitioner's application for renewal for the reason that the applicant's president, Anthony Musella, had been charged in a criminal action with an offense against the gambling laws. Musella entered a plea of not guilty and is present-

ly awaiting trial. The petitioner contends this action by the Liquor Control Board is arbitrary and capricious entitling it to the remedy of mandamus.

■ The licensing authority vested in the Liquor Control Board and authorizing that agency to deal with the petitioner's application is governed by 7 V.S.A. §§222 and 224. The duty which the defendant was called upon to perform in considering the petitioner's request invoked a sound discretion. The board's function was quasi-judicial in character and cannot be controlled by resort to mandamus. *Crystal Brook Farm, Inc.* v. *Control Commissioners,* 106 Vt. 8, 10, 168 Atl. 912; *State ex rel. Billado* v. *Control Commissioners,* 114 Vt. 350, 354, 45 A.2d 430.

■ Mandamus is appropriate to compel performance of ministerial acts where a clear right on the part of the petitioner is at stake. *Clement* v. *Graham,* 78 Vt. 290, 319, 63 Atl. 146, Ann. Cas. 1913E, 1208; *In re Savage,* 112 Vt. 89, 92, 22 A.2d 153; *Crystal Brook Farm, Inc.* v. *Control Commissioners, supra,* 106 Vt. at 10. No right attaches to a license to sell intoxicating liquor. It is at most a privilege which of necessity is subordinate to the public interest and the police power of the state. *Crowley* v. *Christensen,* 137 U.S. 86, 91, 11 S.Ct. 13, 15, 34 L.Ed. 620, 624. And the fact, made known on oral argument, that the licensing authority may have treated another licensee in a similar predicament differently, is of no consequence in this proceeding. The state may grant the opportunity to some and deny it to others or withhold it entirely. *Billado* v. *Control Commissioners, supra,* 114 Vt. at 354. A writ of mandamus is not available to weigh the soundness of the action taken nor to command a different result.

*Petition dismissed.*