# In re Petition of Charles H. Baldwin v. R. H. Morse, Director of Probation and Parole

[ 234 A.2d 434 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 3, 1967

*Charles H. Baldwin* pro se.

**Per Curiam.** This is a petition for a writ of mandamus. The complainant alleges he is imprisoned at the Vermont State Prison. He asserts that he has requested the advisory parole board to explain why his request for a pardon and early parole has been denied. He alleges no satisfactory answer has been given. A copy of the reply is attached as an exhibit. It states that the petitioner's request for pardon has been carefully reviewed and that the board can find no justification for further review prior to the expiration of the minimum sentence. The petitioner further complains that his request for a copy of the presentence report in his case has been denied.

By this proceeding, the complainant seeks to compel the director of probation and parole to comply with these demands. The petition was presented to a single justice, who referred the complaint for consideration by the entire Court before issuance of orders to bring the cause to issue and hearing, as provided in 12 V.S.A. §§4041 and 4045.

To justify such action, it must appear from the petition that the complainant has a clear legal right to the performance of the acts which he seeks to compel. *Carousel Grill, Inc.* v. *Liquor Control Board,* 123 Vt. 93, 94, 182 A.2d 336; *In re Savage,* 112 Vt. 89, 92, 22 A.2d 153; *Crystal Brook Farm, Inc.* v. *Control Commissioners,* 106 Vt. 8, 10, 168 Atl. 912. And unless the officer, against whom the complaint is directed, has a binding duty to act in compliance with the petitioner's request, the petition must be dismissed. *In re Savage, supra,* 112 Vt. at 94; *Sherwin* v. *Ladd,* 95 Vt. 187, 189, 113 Atl. 522.

The board of institutions has been assigned by statute to act as an advisory agency to the governor in the exercise of executive clemency concerning discharge of prisoners confined at the state prison. In this function it is responsible to the chief executive. Applicants seeking clemency from the governor have no legal standing to compel his advisory board to justify its advice. 28 V.S.A. §2(3).

The statutory provisions for presentence investigation and report by the state probation officer were designed to aid the Court before sentence is passed. There is no requirement to furnish copies to the person who is the subject of the investigation. Disclosure of the presentence report involves the sound discretion of the court to whom the report was made. *State* v. *Morse,* 126 Vt. 314, 318, 229 A.2d 232, 236,

Without an order from that court, the state probation officer is not at liberty to comply with the petitioner's request.

Since the facts presented indicate the relief sought cannot avail the complainant, *the petition is dismissed.*