## Okemo Mountain, Inc. v. Town of Ludlow, Vermont, Board of Selectmen of the Town of Ludlow, Vermont

[ 249 A.2d 401 ]

October Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 3, 1968

Reargument denied January 9, 1969

*Parker & Richards* for the Petitioner.

*Black & Plante* and *Wallace C. Schinoski, Esq.,* for the Defendants.

**Smith, J.** The petitioner prays this Court for a writ of *mandamus* to compel the Town of Ludlow, through its Board of Selectmen, to contract and sell to the petitioner certain lands located in said Town of Ludlow and owned by said town. Petitionees have filed their answer to said petition seeking a dismissal of it. The petition sets forth the following factual situation.

The Town of Ludlow at a duly warned meeting, on March 7, 1967, "voted to authorize the Selectmen and the Board of Listers to evaluate and establish a price on the Pollard-Pettigrew lot, so-called, prop-

erty to be sold at the highest offer above this price. Income received to be applied toward debt retirement."

On August 15, 1968, the Town of Ludlow, by its Selectmen, solicited offers to purchase the Pollard-Pettigrew lots by sealed bids, which solicitation stated that the Selectmen would consider the bids submitted, and set forth the terms and manner in which bids should be submitted.

The petitioner made an offer in due form to purchase the lots here involved at a price of $37,512.00 on September 18, 1968, which was the highest of the various bids for the property received by the petitionee. The bid of the petitioner was rejected by the Town of Ludlow on September 24, 1968, and its deposit check was returned.

The contention of the petitioner is that the Board of Selectmen of the Town of Ludlow failed to perform its duty to the Town of Ludlow as required by the vote of March 7, 1968, which duty was a ministerial act, and that it has no other adequate remedy at law.

The question now before us is raised by the sixth and seventh defenses set forth by the petitionees in their answer.

"Sixth defense. It is set forth by the defendants that the petitioner's petition does not set forth facts which would justify the issuance of a Writ of *Mandamus* in that the petition clearly indicates that the petitioner does not have a clear legal right to performance of a particular duty at the hands of the defendants, nor does it appear from the petition, nor is it alleged, that the law affords no other adequate remedy."

"Seventh defense. The defendants further set forth that the petitioner is not entitled to the relief prayed for because, according to the facts set forth in the petition, the petitioner seeks the enforcement of an action which necessarily involves exercise of judgment and discretion on the part of the defendants rather than the mere enforcement of the performance of a ministerial act."

Our first consideration is whether, under the facts as set forth in the petition, the only duty confronting the Selectmen in considering the bid of the petitioner was a ministerial one.

"It is a well recognized proposition of law that ordinarily *mandamus* will not lie to review the performance of an official act involving the exercise of judgment or discretion. * * * It usually lies for the enforcement of purely ministerial acts." *Couture* v. *Selectmen of Town of Berkshire,* 121 Vt. 359, 361, 159 A.2d 78, 80.

As the petition before us sets out, the vote of the Town of Ludlow, on March 7, 1967, instructed the Board of Selectmen to perform two acts. It was first, in conjunction with the Board of Listers: "to evaluate and establish a price," on the Pollard-Pettigrew lots. The second authorization was to sell the property "at the highest offer above this price." The price referred to is obviously the price which first had to be established on the property by the Selectmen and the Listers.

The sale of the property to the highest bidder over the established price of the property by the Selectmen, once that price had been established, would require only a ministerial act, no exercise of judgment or discretion being required. But the act of evaluating the property, and establishing a price on it, called for the exercise of judgment and discretion on the part of the combined membership of the Board of Selectmen and the Listers. Nowhere in the petition before us is there an allegation setting forth the amount of the established price by the Selectmen and Listers on the lots here in question. Equally lacking is any allegation that a joint meeting of the Selectmen and Listers was held to evaluate and determine the sales price of the land.

The petitioner does allege that the amount of their bid exceeded the appraised value of the lots as set forth by the Listers in the 1968 Abstracts of Individual Lists and Grand Lists of Ludlow, which was $24,000.00. But the value of the lots as set forth in the Grand List is the appraisal only of the Listers for taxation purposes, and was not the establishment of a sales price by both Listers and Selectmen.

The petition does not show that the Selectmen acted within the bounds of the authority delegated to them at the Ludlow Town Meeting of March 7, 1967. An application for *mandamus* is addressed to the sound judicial discretion of this Court. Where, as here, there are facts which cast doubt on the right of the petitioner to the right sought, it will be refused. *Crystal Brook Farm, Inc.* v. *Control Commissioners,* 106 Vt. 8, 10-11, 168 A. 912.

*Petition dismissed, let each party bear its own costs*