**The Town of Pawlet by its Agent, Camillus H. Nelson v. Gerald S. Witherspoon, Commissioner of Taxes**

[259 A.2d 15]

No. 61-68

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed October 7, 1969

*Ryan, Smith & Carbine,* Rutland, for Petitioner.

*Bernard R. Dick,* Rutland, and *Williams & Williams,* Poultney, for Interveners, Selectmen of Town of Pawlet.

*James M. Jeffords,* Attorney General and *William T. Keefe,* Assistant Attorney General, for Commissioner of Taxes.

**Keyser, J.** This is a petition for a writ of *mandamus* brought by the town agent of the Town of Pawlet against the state Commissioner of Taxes. The town agent seeks to compel the commissioner to accept his appeal "relating to the appraisal of property included in the grand list of the Town of Pawlet."

Appeals initiated in such cases by a town agent are governed by 32 V.S.A. § 4441 (b) which provides:

> "On or before the last day whereon appeals can be taken from the decision of the board of civil authority, the agent of the town to prosecute and defend suits in which the town is interested, in the name thereof, may, and on written application of one or more taxpayers of the town whose combined grand list represents at least one per cent of the grand list of the town for the preceding year, shall thus appeal from any action of the listers therein, in respect to the grand list and from any decision of the board of civil authority upon an appeal thereto from the action of the listers."

The appeal was activated by the town agent as a result of a written application by one or more taxpayers made under the provisions of the foregoing statute.

The petition for a writ of *mandamus* is instituted in the name of the Town of Pawlet by its elected agent whose duty is to prosecute and defend suits in which the town is interested. 24 V.S.A. § 711(12). The selectmen, also in the name of the town, moved to intervene as a party to this proceeding which, without objection thereto, was granted.

The petition has been met by a motion to quash filed by the town (intervener). The motion being similar to a demurrer addresses itself to, and tests the sufficiency of, the facts alleged in the petition to warrant the issuance of the writ. *Clement* v. *Graham,* 78 Vt. 290, 305, 306, 63 A. 146.

The petition alleges the following facts. On July 25, 1968 the town agent received a "written application of one or more taxpayers of the Town of Pawlet whose combined Grand List represented at least 1% of the Grand List of said Town for the preceding year, praying that the Town of Pawlet, by its Agent, proceed with the legislative directive contained in Section 4441(b) of Title 32 V.S.A. and take appropriate appeal from the action of listers of said Town and decisions of the Board of Civil Authority of said Town." The town agent forwarded the application by mail for filing on July 26, 1968. Within twenty-one days from the last days whereon appeals might be taken from a decision of the board of civil authority the town agent, in the name of the town, took an appeal in writing to the Commissioner of Taxes.

The petition further alleges that the town agent furnished the tax commissioner with triplicate copies sufficient for the commissioner "to forward one copy of the appeal to each taxpayer who signed the application, together with the names and addresses" of such persons. The town agent also transmitted a fee of $18.00 to the commissioner with the appeal. The commissioner informed counsel for the town agent that the appeal was unacceptable in his opinion "due to deficiencies in form", namely, (1) Each taxpayer's property referred to in a town agent's appeal is to be considered a separate appeal for the purposes of Chapter 131 of Title 32 V.S.A.; (2) Triplicate copies must be submitted in respect to each taxpayer in the

town together with their names and addresses; and (3) A separate fee of $18.00 must be submitted by and for the benefit of each taxpayer in the town.

The petitioner also states in his petition that he has complied with the letter and spirit of statute requisite to perfecting his appeal; that he has a clear legal right to the performance by the commissioner of his statutory duty; that the commissioner did not have the authority to refuse the appeal and has no discretion to refuse to accept it; and that the refusal of the commissioner to accept the appeal rests upon his misconstruction of Chapter 131 of Title 32 V.S.A.

Lastly, the petitioner asserts that he "makes this application for a Writ of *Mandamus* because the matters involved are of great public interest to the people of Pawlet generally, and of special pecuniary interest to the taxpayers of Pawlet."

The petitioner first claims that the commissioner had no authority to refuse his appeal. He argues that since there were no objections to the appeal (32 V.S.A. § 4444) or withdrawal of it by him (Section 4445) that the commissioner had no discretion to refuse acceptance of the appeal and refer it to the county board of appraisers (Section 4446).

■ ■ It is true that the commissioner has little or no authority with respect to tax appeals directed to him under 32 V.S.A. § 4441. 1960 Op. Atty. Gen. 193. His duties in such cases are principally administrative. However, the commissioner has authority, in the first instance, to pass upon the correctness of the form of an appeal and to pass on procedural defects, whether or not the appeal was "lawfully taken." Section 4444. Then, if found correct, it is mandatory that he refer it to the county board. Section 4446. And it is for the latter group, not the commissioner, to decide the merits of the appeal pertinent to the tax appraisal.

Whether or not the tax appeal was withdrawn is of no significance here. Neither the town (intervener) nor any taxpayer whose list was involved had the opportunity to make objections to it since the appeal was not accepted or filed by the commissioner and the requisite notices had not been given to them as provided by 32 V.S.A. § 4443.

By its motion to quash, the town urges that even if the facts alleged are proved, they would not establish that there

has been a compliance with the mandatory provisions of the applicable statutes relating to such appeals. Several grounds are stated as a basis for the motion but the thrust of the motion raises the issue of whether there was a compliance with the provisions of 32 V.S.A. §§ 4441 and 4443 respecting the copies of the appeal to be furnished to the commissioner and the fees payable to the commissioner under 32 V.S.A. § 1752.

Section 4443 provides that "When an appeal is taken to the commissioner as provided by section 4441 of this title, the appellant shall furnish triplicate copies thereof." It also requires that "When the appeal has been taken by the town agent, the commissioner shall forward one copy of the appeal by mail to the taxpayer, and shall notify the town clerk and the chairman of the board of listers that the appeal has been received."

The petitioner filed triplicate copies of his appeal with the commissioner and sufficient additional copies for each of the taxpayers who signed the application. The petition and the petitioner's brief show that the appeal concerns the valuation of the property of every taxpayer in the town.

■ The statute requires that the commissioner shall forward a copy of the appeal "to the taxpayer" and this can only be construed to mean "to each taxpayer whose property is involved and included in the appeal." The commissioner refers an appeal to the county board of appraisers. Section 4446. The reason for the requirement of triplicate copies is to make it possible for the commissioner to forward one copy to the taxpayer, one to the board and have one for his own file. A taxpayer not receiving a copy of the appeal would be denied the right granted him by Section 4444 to object to the appeal. Thus, unless triplicate copies of the appeal are furnished to the commissioner, it is impossible for him to comply with the mandate of the statute and its purpose would be defeated.

Subsection (a) of Section 4441 requires that an aggrieved taxpayer may appeal in writing to the commissioner from the decision of the board of civil authority. In so doing, he must briefly set forth "the grounds upon which such appeal is based, and, if the same relates to the appraisal of real or personal property, a brief description thereof and its location."

This language is not repeated in Subsection (b) of the statute, but the purpose of the statute clearly indicates that this provision has equal application to appeals by the town agent since Section 4443 refers directly to appeals under Section 4441. If this were not true, the commissioner on an agent's appeal would be placed in the position of obtaining the names and addresses of every taxpayer whose property is involved, a brief description of the property and its location, a monumental task indeed on a blanket appeal as attempted in this case. We find nothing in the statutes which indicates that the legislature ever intended to saddle this responsibility on the commissioner. Cf. 32 V.S.A. § 4446.

Section 4449 requires that the appraisers "shall notify seasonably in writing the clerk of the town wherein such list is taken, and the taxpayers whose list is involved in such proceedings, of the place within such town and the time at which they will meet the parties, . . . ." The statute also provides that the appraisers shall consider all questions so submitted to them in writing and shall examine all real and tangible personal property therein described. The possession of the required facts is both pertinent and necessary for the county board to properly perform their mandatory duties under the statute and it is not their function to search out these facts. This burden rests upon an appellant taxpayer and, in this case, upon the town agent.

There is no language used which demonstrates a clear intention by the legislature that all of the property listed in the grand list of a town could be brought into question under this section. The apparent purpose of this provision from the standpoint of the town is to afford the town an opportunity to appeal from particular assessments that were considered as too low. Other taxpayers in the town would have to share the burden of an improperly low assessment, their interest in the action of the listers in this regard is protected by compelling the town agent to appeal. Otherwise, the agent would be working at cross purposes and in conflict with his statutory function "to prosecute and defend suits in which the town is interested." We hold that each taxpayer whose property is involved in an appeal by the town agent is a separate appeal

and triplicate copies of such appeal are required to be filed with the commissioner. See 1966 Op. Atty. Gen. 222. We find nothing in these statutes which permits a blanket appeal to be taken in the manner attempted by the town agent.

From the foregoing it follows that to be in compliance with Section 4441, the fees imposed by 32 V.S.A. § 1752 must be paid for the benefit of each taxpayer whose property is involved within the time fixed by the statute. The facts show a single fee of $18.00 was paid to the commissioner by the appellant. This did not satisfy the requirement of Section 4441 either as to amount or time of payment.

The statutes make mandatory the duty of the listers to appraise real estate and personal property within the town at its fair market value. 32 V.S.A. §§ 3431, 3481, 4041, 4044; *Petition of Town of Essex,* 125 Vt. 170, 172, 212 A.2d 623. This determination is an exercise of the sound judgment of appraisers or town officials. *Id.* Likewise, the board of civil authority, on appeals from the final decision of the listers, determine, after hearing, whether the appraisal of the listers shall be changed. 32 V.S.A. § 4409. On appeals to the commissioner of taxes, the county board of appraisers have the power to raise or lower an appraisal made by the listers or by the board of civil authority, determine the questions so submitted to them and report their findings to the commissioner. 32 V.S.A. § 4450.

The ultimate decision of the listers, the board of civil authority and the county board is focused on the critical question of whether a taxpayer's property has been appraised at its fair market value within the legal concepts of that term and in compliance with statutory requirements. *In re Mallary,* 127 Vt. 412, 250 A.2d 837.

The town agent makes no assertion in his petition that the real estate or personal property of any taxpayer in the town has not been appraised at its fair market value by the local town officials. The facts alleged in the petition do not show what the actions were of the listers or the board of civil authority that were sought to be appealed from. Neither does it show the appraisal value of the taxable properties involved

as determined by the local officers and to whom such properties were listed. He alleges only that he "makes this application for a Writ of *Mandamus* because the matters involved are of great public interest to the people of Pawlet generally, and of special pecuniary interest to the taxpayers of Pawlet." This may be true as well as being important to the economic condition of the town. Nevertheless, there must be sufficient facts stated in the petition which form a valid basis for the appeal. The foregoing reason for the appeal is not such a basis.

■ We are not aided by the facts shown in the taxpayers' written application, the appeal itself or the letter of the commissioner. None of these documents were attached to the petition or made a part thereof. The inclusion of an exhibit as part of a pleading is proper and brings its context effectively before the court where reference is made to the writing, coupled with its annexation to the pleading. *Standard Register Company* v. *Greenberg,* 120 Vt. 112, 116, 132 A.2d 175; 12 V.S.A. § 1033. In any event, our examination of the exhibits would not alter our conclusion.

The town agent states in his brief that "the written application to the town agent seeks to invalidate the entire Grand List of the Town of Pawlet." He further argues that should a county board of appraisers determine, upon evidence presented at a hearing, that a significant portion of the grand list is in fact not appraised at fair market value, and should it appear that a scheme or plan of deviation from the statutory standard is extant, then the county board could invalidate the entire grand list of the town and then the listers would have the burden to reappraise the property in conformity with the statutory standard.

■ ■ Although it is the duty of the county board to "determine all questions so submitted to them in writing" (Section 4450), the invalidity of the grand list is not one which they have authority to consider or determine. Their function is only fact finding. On a tax appeal to the commissioner the aggrieved taxpayer, or, as here, the town agent, may not frame or file questions not pertinent to the critical issue of appraisal or concerning matters not within the jurisdiction of the board. *Petition of Town of Essex, supra,* at

page 171; *Petition of Town of Mendon,* 127 Vt. 502, 253 A.2d 139. In the latter case, recently decided, we held that the question of unequal taxation cannot be raised by tax appeal to the commissioner and that constitutional questions are for resolution by the courts, not by the county board, in appropriate proceedings.

If the procedure urged by the petitioner is followed, the county board, in effect, would be acting in the nature of an appellate court without statutory sanction. The procedure in tax appeals is fixed by statute. We find no provision granting authority to the county board to act as the agent suggests and none is cited in its support.

 To justify the issuance of the writ, it must appear from the petition that the petitioner has a clear legal right to the performance of the acts which he seeks to compel. *In re Baldwin* v. *Morse,* 126 Vt. 442, 443, 234 A.2d 434. There must be a binding duty present on the part of the officer to act in compliance with the town agent's request. *Id.*

The facts stated in the petition are insufficient to meet this requirement of the law and to warrant the issuance of the writ. For the reasons stated, the motion to quash must be granted.

*Petition dismissed.*