## Frank H. Davis v. Francis J. Cain, Mayor, City of Burlington

[ 248 A.2d 688 ]

October Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 10, 1968

*Wick, Dinse & Allen* for the Petitioner.

*David A. Jenkins,* City Attorney for the City of Burlington, for the Petitionee.

**Barney, J.** The petitioner, as commissioner and chairman of the Burlington Housing Authority, was removed by the mayor. The grounds given were inefficiency and neglect of duty. Since there was no statutory provision for appeal, the petitioner brought to this Court his application for a writ of *certiorari,* seeking review of the legality of the removal proceedings. They were conducted under the authority of 24 V.S.A. §4006, which reads as follows:

> For inefficiency or neglect of duty or misconduct in office, a commissioner of an authority may be removed by the mayor (or in the case of an authority of a town, by the governing body of said town) but a commissioner shall be removed only after he shall have been given a copy of the charges at least ten days prior

to the hearing thereon and had an opportunity to be heard in person or by counsel. In the event of the removal of any commissioner, a record of the proceedings, together with the charges and findings thereon, shall be filed in the office of the clerk.

A letter to the petitioner from the city attorney, giving notice of certain charges of inefficiency and neglect of duty, and calling a hearing in the mayor's office, began the matter. Such a hearing was later held, with evidence presented as supporting the charges, and also on behalf of the petitioner, who was represented by counsel. The mayor presided, and subsequently made findings and issued his order of removal.

■■ The parties agree that the mayor was acting in a judicial capacity in conducting these proceedings, and that, in the absence of specific provision for appeal, the resort to a petition for a writ of *certiorari* is a proper remedy. *Burton* v. *Selectmen, Town of Springfield*, 124 Vt. 502, 504, 208 A.2d 318.

■ Preliminarily, the petitioner attacks, by a motion to dismiss, the notice of the hearing issued by the city attorney. It is his claim that since the power to remove is in the mayor alone under the statute, it is for him alone to sign the charges and notice of hearing.

If this were a case of an attempt by the city attorney to initiate a hearing without or against the authority of the mayor, the motion to dismiss would properly lie, for the proceeding would be unsupportable under the statute. But it sufficiently appears that the entire matter was instigated by the mayor, and that it was at his direction that the city attorney formulated the charges and gave notice of the hearing. This preliminary dispute could well have been avoided by an indication in the letter of notice that it was sent at the mayor's direction and under his authority. Under the circumstances of this case, however, we do not find that lack to be grounds for dismissal.

The petitioner also, by motion to dismiss, faults the notice for failing to point out the duties as to which he was charged with being neglectful and inefficient. The notice at least purports to do this, and the question merges into the broader one of whether or not there were legally valid and substantial grounds supporting the order of removal. Since the notice fully recited the grounds claimed, we can examine

their legal sufficiency in connection with our review of the validity of the exercise of the removal power.

■■ In a case containing issues closely analogous to the ones here, this Court indicated that the right to remove is dependent upon the establishment of circumstances which, in law, amount to the authorized grounds for removal. *Rutter* v. *Burke,* 89 Vt. 14, 26, 93 A. 842. In this case they are limited to the statutory grounds of inefficiency or neglect of duty. That opinion further points out, also on page 26, 93 A. on page 848, that, unquestionably, if there is evidence tending to establish legal cause for removal, the weight of the evidence and the sufficiency of the cause are for the removing authority to determine, and its action in that particular will not be reviewed.

■■ So, questions of fact are rarely, if ever, reviewable on *certiorari,* unless related to some question of law. The sufficiency of the evidence to sustain the questioned action is at issue, however, much as it is in a motion to set aside a verdict as unsupported by the evidence. *Davidson* v. *Whitehill,* 87 Vt. 499, 508, 89 A. 1081. Thus, as *Rutter* v. *Burke, supra,* concludes at page 31 of 89 Vt. 93 A. 842 the reviewing court has an undeniable right to examine the evidence to determine whether there was any legal evidence tending to establish a legal cause for removal.

■ By virtue of 24 V.S.A. §4007, the Burlington Housing Authority is, of itself, a public body, corporate and politic, not a department of the City of Burlington. It has, independently a power of eminent domain. 24 V.S.A. §4001. As 24 V.S.A. §§4018, 4020 and 4021 variously indicate, it is authorized, as a separate entity, to contract with the city, or other municipalities, or the state or the federal government. Thus it is apparent that the removal power vested in the mayor does not spring from any supervisory relationship, such as he may have over departments of the city of which, as mayor, he is the executive head. Instead, this power has been assigned as an accompaniment to his power of appointment. His exercise of that power cannot be capricious or casual, but must be based on some verifiable breach of statutory duty that constitutes, at law, the claimed inefficiency or neglect of duty.

There is a statutory injunction to cooperate, running both from the housing authority to the municipality (24 V.S.A. §4007 (6)) and from the municipality to the housing authority (24 V.S.A. §4021(9)). If

the purpose is to be carried out, and the public to be properly served, it is important that this cooperation be fairly implemented. The commission also has a duty to file with the city clerk, at least annually, a report of its activities and recommendations. 24 V.S.A. §4024. But there is no statutory obligation requiring, as a legal duty, continuous liaison or constant interchange of information on the part of the chairman of the commission with the mayor or aldermen.

■ The charges and findings upon which the removal is based are all founded on what are claimed to be shortcomings in communications between the chairman and the mayor and aldermen. But it appears from the evidence that, if the lines of communication between the city government and the Housing Authority were not fully utilized, the fault, if such it be, was certainly shared by both sides of this controversy. And, in view of the evidence of the joint meetings between the Housing Authority commissioners and the Board of Aldermen during this period, as well as the communications with the aldermanic liaison committee, any claim of a failure to communicate falls far short of inefficiency or neglect of duty at law. In fact, even if the charges are taken as established by the evidence, they do not amount to that inefficiency or neglect of duty which is of substance sufficient to support removal. *Jackvony* v. *Berard,* 66 R.I. 290, 18 A.2d 889.

■■ Full disposition of this case requires comment on one other matter. Among the findings of the mayor is one which suggests by its language that the petitioner was remiss in a claimed duty to notify some of his fellow commissioners, as well as city officials, of the expiration of a certain option. The finding seems to imply that action to prevent expiration of the option could not be taken because of some failure of the petitioner to keep informed on a matter within the area of his duty. There is simply no evidence in the record to establish any knowledge or obligation to know about the option, and the evidence actually presented shows prompt action by the commissioner when the information did in fact reach him. If there was any such violation of any duty, as is circuitously alluded to in the findings, the burden was on the prosecuting party to bring evidence of it forward, so that it might have been met as such by the petitioner, and validly assigned weight in the findings. It stands now only as, at best, conjecture, and, at worst, innuendo. ·

*Petition sustained, the issuance of the writ ordered, and the removal proceedings thereby ordered to be quashed.*