### H. Ralph Whiteman v. Kenneth E. Brown et al.

[264 A.2d 793]

No. 150-69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed February 3, 1970

Motion for Reargument Denied April 7, 1970

*Bruce Graham,* Stowe, for Petitioner.

*Meaker & Adams,* Waterbury, for Petitionees.

**Barney, J.** A dispute over fiscal procedures in Lamoille Union High School District culminated in a petition for a special meeting of the district. The requisite 5% of the voters, acting under 24 V.S.A. §§ 704 and 705, proposed two articles to be warned for the requested meeting. When the directors of the district refused to fulfill the demands of the petition, the plaintiff, on behalf of the others of similar interest, turned to this Court for a writ of *mandamus* to require the petitioned action to be taken.

*Mandamus* is an extraordinary writ and invokes a drastic remedy. *Rutland Cable T.V., Inc.* v. *Rutland,* 121 Vt. 399, 402, 159 A.2d 83. For this reason, its availability is restricted to situations where the enforcement of a clear and certain right is the objective. *Couture* v. *Selectmen of Berkshire,* 121 Vt. 359, 361, 159 A.2d 78; *Carousel Grill* v. *Liquor Control Board,* 123 Vt. 93, 94, 182 A.2d 336. Correspondingly, there must be a binding duty to act on the part of the official against whom the petition is directed. *Baldwin* v. *Morse,* 126 Vt. 442, 443, 234 A.2d 434. The ministerial duties of an official are usually of a kind to fulfill this requirement, but discretionary duties do not, since the right to performance depends upon an exercise of judgment. *Eastern Advertising, Inc.* v. *Cooley,* 126 Vt. 221, 222, 227 A.2d 294. A further regard for the compelling nature of the remedy of the writ makes its issuance discretionary with this Court, according to the circumstances of the case. *In re Savage,* 112 Vt. 89, 94, 22 A.2d 153.

The official duties whose performance would be compelled by the plaintiff are, first, the calling of a special meeting of the school district and, second, the inclusion in the warning for that meeting of two requests for action by the district. 24 V.S.A. § 705, applying to union school districts by virtue of 16 V.S.A. § 706p(c), uses mandatory language in reference to special meetings: ". . . shall call such meeting on the application of five per cent of the voters." Straightforward as such language may appear, short reflection would suggest that such a meeting ought not to be called, and, literally, cannot be warned, unless some purpose or action to be taken at the meeting is disclosed. To require voters to assemble without any matter to deal with would be to mandate futility.

Thus, necessarily, the proposals for the warning are of simultaneous concern. 24 V.S.A. § 704, also applicable to such districts, is likewise compelling in its language:

> A warning for an annual or special meeting of a municipality shall, by separate articles, specifically indicate the business to be transacted. Such warnings shall also contain any article or articles requested by a petition signed by at least five per cent of the voters of the municipality and filed with the legislative branch not less than forty days before the day of such meeting; provided, however, that any petition calling for the submission, reconsideration or rescission of any question previously submitted to the legal voters of said municipality shall be filed not more than thirty days after such previous submission; and provided further, that no question previously submitted to the legal voters of said municipality shall be more than once resubmitted or presented for reconsideration or rescission except by action of the legislative branch.

■ Here, again, however, there is an implicit limitation. The duty to warn relates to "business to be transacted." If the article sought to be included does not, in any way, constitute business proper and appropriate for transaction by the meeting, the statute ought not to be construed to compel its inclusion.

■ We recognize that many such meetings embark on discussions of subjects of interest to the voters which are matters not strictly "business to be transacted." This is fitting and all to the good, and is in no wise prohibited. But such subjects are not appropriate to the compulsions of either 24 V.S.A. § 704, or of *mandamus*.

The petition to the directors in this case called for the inclusion of two articles. Unless at least one of them conformed to the requirements of this construction of 24 V.S.A. § 704, there would be no obligation to call the requested special meeting, since there would be no business proposed for transaction.

The first article in the petition reads as follows:

> Article I: To see if the voters of the District will direct the Board of School Directors of the District to have

promptly made, by P. F. Jurgs & Co., of Burlington, Vermont, or by some other firm of Certified Public Accountants or Registered Accountants of the State of Vermont, experienced in Public School Audits, a full, complete and detailed audit of all financial and related records of the District for the school years ending June 30, 1967, June 30, 1968 and June 30, 1969, and to have said firm deliver a copy of the results of said audit to all of the legal voters of the District on or before January 10, 1970.

The employment of outside auditors is within the authority granted to the district. 24 V.S.A. § 1691. However, if public funds are to be expended for that purpose, the statute requires substantial compliance with 24 V.S.A. § 1690:

The selectmen of a town and the trustees of an incorporated village may, and upon petition in writing of legal voters equal to four per cent of the total vote cast for governor in such town or village at the last preceding election, shall, (sic) insert in the warning for any annual town or village meeting, or in the warning for a special town or village meeting, which shall be called upon such petition, an article in substantially the following form:

"To see if the town or village will vote to instruct the selectmen or trustees to employ a certified public accountant or public accountant to aid the work of the auditors."

The requested article both substantially differs from and clearly outreaches the authorization given in the above statute. It would therefore be inappropriate for this Court's mandate to require its inclusion as the petition requests.

Furthermore, there is something to be said for the proposition that 24 V.S.A. §§ 1690 and 1691 represent a procedure for reviewing and remedying auditing practices in municipal corporations when it appears to the voters to be required. There is a burden on those who would seek the extraordinary remedy of *mandamus* to allege, and to prove if required, that regularly provided remedies are inadequate or unavailable to accomplish the justifiable purpose for which relief is sought in this Court. *Dana Corp. & Flanders* v.

*Yusitis,* 127 Vt. 201, 203, 243 A.2d 790; *Petition of LaFreniere,* 126 Vt. 204, 206, 227 A.2d 301. No such showing has been made in this case.

The second proposed article was to see if the voters of the district would direct that the annual meeting, beginning in 1970, be held not later than January 20. The course of this litigation has been such that our decision will come at a time when a vote on this question could very likely be taken only after, or at least so near, January 20, that the regular meeting referred to could not be properly warned and held in any event.

This, alone, is justification for refusing to grant the writ on this issue, for the relief sought by the petition is out of reach. The argument of the plaintiff, that the requirement of 24 V.S.A. § 704 that a petition for reconsideration be filed within thirty days of the regular 1969 meeting was obviated by a lower court decision invalidating that particular meeting, does not overcome the impossibility introduced by the passage of time. It thus sufficiently appears that the second article ought not to be mandated.

This leaves the petition for a special meeting without any proposal of business to be transacted. Under the circumstances a writ of *mandamus* will not be issued.

*Petition dismissed.*