266 A.2d 428 (1970)
Cyrus BREWSTER
v.
MAYOR OF the CITY OF RUTLAND.
No. 58-70.
Supreme Court of Vermont.
May 26, 1970.
Richard L. Hill, Rutland, for petitioner.
Richard W. Norton, City Atty., for petitionee.
Before HOLDEN, C. J., and SHANGRAW, BARNEY, SMITH and KEYSER, JJ.
SHANGRAW, Justice.
This is a petition for a writ of mandamus. On or about June 1, 1963, the City of Rutland engaged in a Federal Housing Project, commonly known as "Workable Program For Community Improvements", with the Housing Urban Development (HUD). The City of Rutland, the Rutland Housing Authority, (RHA), and HUD agreed that there was a necessity for low income housing in the Rutland City area. During the months of January, February and March of 1970, RHA and HUD became actively engaged in obtaining a proposed site for a 75 unit low income housing project.
*429 A proposed site location selected by RHA was to be located in the Granger Street area of the City and so publicly announced on April 4, 1970. The mechanics of the decision making process in regard to the chosen site was not made public and no public involvement took place.
Upon the announcement of the site, the petitioner and other taxpayers, amounting to approximately 20% of the voters at the last annual election, signed and delivered a petition to the Rutland City Clerk's Office requesting a special meeting on the appropriateness of a single site in one section of the city. The petition requested a vote on the following:
"So that the Board of Civil Authority may know the wishes of the voters of Rutland: Shall the voters of Rutland City approve the construction of a federally funded low income housing development of seventy-five units, more or less, to be concentrated in a single section of the city?"
The petitionee, Harold J. Nichols, Mayor of the City of Rutland, has refused to call a special meeting for the above requested purpose. Petitioner seeks a writ of mandamus to compel affirmative action by the petitionee.
Mandamus orders an official to do what, up to that moment, he has felt he had no right to do and is under no compulsion to do. It lies in a proper case to enforce the performance of a ministerial act by a public official. Rutland Cable T.V., Inc. v. City of Rutland, 121 Vt. 399, 402, 403, 159 A.2d 83.
In order to justify the issuance of a writ of mandamus, it must appear that the petitioner has a clear right to the performance of the particular duty at the hands of the petitionee and that the law affords no other adequate remedy. Town of Salisbury v. Button et al., 97 Vt. 9, 14, 121 A. 435; Matter of Savage, 112 Vt. 89, 92, 22 A.2d 153; Glover v. Anderson, 120 Vt. 153, 155, 134 A.2d 612; Carousel Grill v. Liquor Control Board, 123 Vt. 93, 94, 182 A.2d 336.
The petitioner cites section 25 of the Charter of the City of Rutland and claims that it imposes upon the mayor the mandatory duty to call the requested special city meeting. The material provisions of this section read:
"Special meetings of all the legal voters of the city, shall be called by the mayor on the petition of not less than five percent of the legal voters voting at the last preceeding annual election for any legal purpose beyond the jurisdiction of the city council, said purposes to be set forth in the warning for the meeting."
Petitioner contends that the taxpayers of the City of Rutland have a vested interest in the project and are entitled to an opportunity to be heard and participate in the location of the housing project. Since the purpose of the special meeting is aimed at reflecting the wishes and inclination of the community, it is urged that the City Council could not usurp this power and act without their consent.
The Rutland Housing Authority, along with housing authorities in every other municipality in the State of Vermont, was created by 24 V.S.A., section 4003. This section in part provides,"In each municipality, as herein defined, there is hereby created a public body corporate and politic to be known as the housing authority. * * *"
24 V.S.A. Chapter 87, of which section 4003 is a part, makes it explicitly and implicitly clear that once the Rutland City Council activated its local Housing Authority, and the mayor appointed the five *430 commissioners who constitute the governing body of Rutland Housing Authority, the latter obtained exclusive authority in the field of low income housing. This appears to be the legislative intent of 24 V. S.A. Chapter 87. No provision is made in the act for public approval of its decisions.
We call attention to the case of Davis v. Cain, 127 Vt. 296, 299, 248 A.2d 688, 691, in which this Court stated:
"By virtue of 24 V.S.A. section 4007, the Burlington Housing Authority is, of itself, a public body, corporate and politic, not a department of the City of Burlington, It has, independently a power of eminent domain. 24 V.S.A. section, 4001. As 24 V.S.A. sections, 4018, 4020 and 4021 variously indicate, it is authorized, as a separate entity, to contract with the city, or other municipalities, or the state or the federal government."
Section 25 of the charter only requires a special meeting "* * * for any legal purpose beyond the jurisdiction of the city council, * * *." In the recent case of Whiteman v. Brown et al., Vt., 264 A.2d 793 we therein stated, "If the article sought to be included does not, in any way, constitute business proper and appropriate for transaction by the meeting, the statute ought not to be construed to compel its inclusion."
To conclude, the result of the proposed special meeting would only be advisory. It would not be binding on the Rutland Housing Authority. Mandamus will not issue when the effect would be nugatory and serve no lawful purpose. Spiritual Atheneum Society v. Selectmen of Randolph, 58 Vt. 192, 193, 2 A. 747.
Vermont Legal Aid, Inc., has appeared Amicus Curiae and in its brief also urges that the petition be dismissed.
Petition dismissed.