## Robert A. Bloomer v. Kimberly B. Cheney and Martin L. Johnson

[311 A.2d 101]

No. 140-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 19, 1973

*Robert A. Bloomer, Esq.,* Rutland, *pro se,* for Plaintiff.

*Kimberly B. Cheney,* Attorney General, and *Benson D. Scotch,* Assistant Attorney General, for Defendant.

**Per Curiam.** The plaintiff, State Senator from Rutland County, asserts that the Secretary of the Department of Environmental Conservation has violated the express provisions of the so-called "bottle ban" legislation, 10 V.S.A. § 1523, by the regulations he promulgated to put such legislation into effect. The regulations dealt with the transition from no-deposit to the now mandatory returnable bottles. Although the statute provided that after July 1, 1973, only the returnable bottle and deposit system would be in effect, the regulations deferred the full restraint of the statute for sixty days to allow disposal of stocks of non-returnables, and gave some relief as to labeling.

It is the plaintiff's position that the statutory language does not provide for such an adjustment period, and that the Secretary exceeded his authority in issuing the regulations. To reach this issue the plaintiff, petitioning this Court under V.R.A.P. 21, has asked that the Attorney General be ordered to prosecute persons who sold non-returnable bottles

between July 1, 1973, and September 1, 1973, without regard to the permission afforded by the regulations.

Plaintiff's action is in the nature of *mandamus*. V.R.A.P. 21 supercedes 12 V.S.A. § 4041 and abolishes the extraordinary writs as procedural devices. The substantive relief afforded is the same, however, and the Rule does not purport to change the nature of the actions.

█ █ *Mandamus* is appropriate only to require the person to whom it is directed to perform some act which the law enjoins as a duty. It can only issue to compel the doing of a purely ministerial act, *Rutland Cable T.V., Inc.* v. *City of Rutland*, 121 Vt. 399, 159 A.2d 83 (1960). The prosecutorial function is a discretionary activity and is not subject to *mandamus, State* v. *Reed*, 127 Vt. 532, 253 A.2d 227 (1969); *Gould* v. *Parker*, 114 Vt. 186, 42 A.2d 416 (1945). The Attorney General has no binding duty to act in compliance with plaintiff's request. Plaintiff's petition must therefore be dismissed.

In addition, the availability of other remedies is an obstacle to *mandamus*. Resort to them is, of course, conditioned on the claimant's demonstration that he is eligible to seek relief, and the Court is therefore authorized to proceed to a decision. If such standards as "standing to sue" or the existence of a *bona fide* "case or controversy" are satisfied, see *Sierra Club* v. *Morton*, 405 U.S. 727 (1971); *Lace* v. *U.V.M.*, 131 Vt. 170, 303 A.2d 475 (1973), then alternate procedures stand ahead of mandamus-type remedy. Some of them include challenge at the rule adoption procedure under 3 V.S.A. § 803, declaratory judgment under 3 V.S.A. §§ 807 and 808, and actions brought in accordance with the procedure prescribed by V.R.C.P. 74 or 75, as appropriate.

Under the circumstances, the relief sought is not available.

' *Petition dismissed.*