### Town of Essex v. Robert Bush

[450 A.2d 1106]

No. 209-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed July 22, 1982

*Robert J. Perry,* South Burlington, for Plaintiff-Appellant.

*William D. Robinson,* Colchester, for Defendant-Appellee.

**Barney, C.J.** In a disciplinary proceeding, the Town of Essex purported to charge the defendant with conduct unbecoming a police officer. The trial court dismissed the action below on the ground that the provisions of 24 V.S.A. § 1932(a) relating to the basis of the charge were not complied with. We are satisfied that that ruling ought not to be disturbed, and the dismissal of the action is therefore validated.

*Judgment affirmed.*

**Hill, J.,** dissenting. This case concerns the correct procedures for instituting disciplinary proceedings against a police officer under 24 V.S.A. § 1932. The district court for the Chittenden circuit held that the Town of Essex did not comply with the statutory procedures. Because I believe that the district court's decision was erroneous, I respectfully dissent.

The parties agree on the relevant facts. On January 13, 1981, Patrolman Robert Bush banged on a door at the Essex police station, and broke it. Two hours after this incident, the town's police chief relieved the patrolman from duty. The chief submitted a memorandum to the town's manager on the incident, in which he strongly criticized the patrolman's conduct. The town manager then wrote a letter to the patrolman concerning the incident. In large letters at the top of the paper the heading read *"COMPLAINT AND NOTICE OF HEARING."* The text of the letter informed the patrolman of the chief's complaint and the facts of the incident. The letter then stated: "It is charged that the above act constitutes conduct unbecoming an officer and upon a finding of guilty you may be subject to discharge or suspension without pay for a period of up to sixty days." The letter also informed the patrolman that a hearing on the complaint had been set, and that the patrolman had the rights to (1) remove the hearing to district court; (2) be represented by counsel; and (3) answer the complaint.

The patrolman removed the case to the district court for a factfinding hearing. See 24 V.S.A. § 1932(c). The court held that the town had not complied with the procedures outlined in 24 V.S.A. § 1932, and declined to make factual findings. The court noted that 24 V.S.A. § 1932(a) provides

that two sources of incriminating data allow the appointing authority to institute proceedings: "[w]henever it appears to the appointing authority *by its own knowledge* or when informed *by a written petition signed by one or more responsible persons* that any regular officer . . . is guilty of conduct unbecoming an officer, the appointing authority shall set a date for a hearing . . . ." 24 V.S.A. § 1932(a) (emphasis supplied). The court then reasoned that the police chief's memorandum did not qualify as a "petition" because the memorandum did not request a hearing. The court did not address whether the complaint was proper as based upon the appointing authority's "own knowledge."

On appeal, the Town of Essex vigorously contends that the complaint by the town manager was based upon his "own knowledge" within the meaning of the statute. Neither party on appeal has, however, addressed whether the police chief's memorandum qualifies as a petition. Thus, I believe that issue was not before the court. See *Quazzo v. Quazzo*, 136 Vt. 107, 111, 386 A.2d 638, 641 (1978).

The crux of the matter on appeal is the appellee's contention that the plain meaning of "own knowledge" is knowledge acquired by personal observation. I believe the argument was succinctly rebutted in *Harte v. Peerless Insurance Co.*, 123 Vt. 120, 183 A.2d 223 (1962), which reversed a finding that an individual had borrowed a car without his mother's knowledge. This Court there rejected the narrow construction of "knowledge" offered by the appellee in this case:

> Apparently the chancellor adopted the idea that in order for the insured to have knowledge that the Daley vehicle had been borrowed, it was necessary for her to be present when the transaction occurred. Knowledge, in law, is not so rigidly conceived, nor so narrowly applied. *It is sufficient if the circumstances be such as to engender reasonable belief that an actual fact has indeed been accomplished.*

*Id.* at 123, 183 A.2d at 226 (citing *State v. Alpert*, 88 Vt. 191, 203, 92 A. 32 (1914)) (emphasis added).

The facts of this case reflect the wisdom of the definition embraced in *Harte*. The town manager relied upon a formal

report submitted by the police chief as the basis for his knowledge. Implicit in the structure of any organization is the principle that supervisors may rely on their employees' reports for information. A municipal government is no different. Indeed, it would be impossible for a town to function unless its manager could rely upon the reports and actions of numerous employees. We have recognized this fact in our case law. See *Davis* v. *Cain,* 127 Vt. 296, 298, 248 A.2d 688, 690 (1968). Certainly, the written report of a police chief deserves substantial credence on the part of a town manager. Thus, the meaning of the phrase "own knowledge" in 24 V.S.A. § 1932(a), as evidenced by our case law and the realities of local government, must encompass the ability to obtain knowledge without first-hand observation.

This construction is further buttressed by another factor. The appointing authority in this case was a single individual, the town manager. In other instances, however, the appointing authority could be the entire municipal appointing authority. See 24 V.S.A. § 1931(a). It is implausible to assume that police misconduct would ever occur in the physical presence of the entire town legislature. Thus, the narrow construction of "own knowledge" proffered by the appellee would require municipalities without managers to use the petition method. There is no evidence of any legislative intent to create such a restriction. This construction would therefore be patently unreasonable, and should be rejected. See, e.g., *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 509, 367 A.2d 1363, 1370 (1976); *Nolan* v. *Davidson,* 134 Vt. 295, 299, 357 A.2d 129, 132 (1976).

I believe that under the facts of this case the complaint was made on the manager's "own knowledge" within the meaning of 24 V.S.A. § 1932(a). Accordingly, I respectfully dissent.