## Edith Ley v. William A. Dall, D.D.S.

[553 A.2d 562]

No. 88-076

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed September 16, 1988

*Harold E. Eaton, Jr.* of *Miller, Cleary & Faignant*, Rutland, for Petitioner.

*Norman Cohen*, Rutland, for Respondent.

**Dooley, J.** Defendant in an action against him for dental malpractice brings this petition for extraordinary relief, pursuant to V.R.A.P. 21. He seeks relief from the Rutland Superior Court's order granting plaintiff's motion to compel defendant to answer interrogatories relating to prior malpractice claims against him. We deny defendant's petition because of his failure to show that the trial court clearly abused its discretion or usurped its judicial power.

Plaintiff served a set of interrogatories on defendant. Four of the interrogatories sought information regarding any negligence

claims against him which were filed as suits or settled prior to suit. The interrogatories asked for a detailed statement of the negligence alleged to have occurred and other information regarding the disposition of the claims. Defendant refused to answer these interrogatories on the grounds of relevancy and plaintiff filed a motion to compel with the trial court, which defendant opposed.

The court granted in part and denied in part plaintiff's motion. The court found that although the information sought concerning prior dental malpractice suits and/or claims "would not be admissible at trial, it is reasonably calculated to lead to the discovery of admissible evidence." See V.R.C.P. 26(b). The court limited the information to be disclosed to the names and addresses of any claimants, the dates that any law suits were filed, and the courts where they were filed. Defendant subsequently filed this petition for extraordinary relief alleging that he had no other avenues of relief available to him, see V.R.A.P. 21(b), and that the disclosure ordered by the court would deny him his constitutional right to privacy; would cause irreparable damage to his reputation, and therefore injure his livelihood; would sanction a fishing expedition; and would violate the physician-patient privilege protecting such information. Plaintiff filed a motion to dismiss defendant's petition alleging that all remedies had not been exhausted below, since no protective order had been requested. Defendant subsequently sought a protective order at the trial court level, which was denied.

The trial court's order granting plaintiff her motion to compel defendant to answer the interrogatories is an interlocutory order, and as such, is ordinarily not subject to review. *Castle* v. *Sherburne Corp.*, 141 Vt. 157, 162, 446 A.2d 350, 352 (1982); see also *Borden Co.* v. *Sylk*, 410 F.2d 843, 845 (3d Cir. 1969) ("orders compelling or denying discovery are generally interlocutory" and are not appealable); *American Express Warehousing, Ltd.* v. *Transamerica Insurance Co.*, 380 F.2d 277, 280 (2d Cir. 1967) (orders compelling discovery are not "final" and therefore not appealable). Defendant could have sought permission from the trial court to bring an interlocutory appeal of the order. See V.R.A.P. 5(b). This option, however, was effectively foreclosed to him because of our conclusion in *Castle* that orders granting discovery, "absent exceptional circumstances," do not present "controlling questions of law." 141 Vt. at 164, 446 A.2d at 353. Nor would the

resolution of the discovery issue advance the termination of the case. See *Atlantic City Electric Co.* v. *General Electric Co.*, 337 F.2d 844, 845 (2d Cir. 1964) (per curiam). In these two respects, defendant's claim of error does not meet the test that determines the propriety of bringing an appeal at this stage of litigation. V.R.A.P. 5(b); *In re Pyramid Co.*, 141 Vt. 294, 300-01, 449 A.2d 915, 918 (1982) (interlocutory appeals are an exception to the finality rule, which is meant to discourage piecemeal appellate review); see also *American Express Warehousing*, 380 F.2d at 280 (unnecessary appeals should be eliminated).[1]

The Court does have the power to grant extraordinary relief even though the orders involved are interlocutory and nonappealable. See V.R.A.P. 21(b). But we must resist the impulse to invoke extraordinary relief whenever there is a question of appealability. "Every interlocutory order involves, to some degree, a potential loss. That risk, however, must be balanced against the need for efficient . . . judicial administration . . . ." *Borden*, 410 F.2d at 846. To do otherwise would be to "invite the inundation" of our docket "with what have heretofore been regarded as nonappealable matters." *Id.* If we were to extend that invitation. we would soon find ourselves reviewing more interlocutory orders than we would final orders.

Therefore, before we can reach the actual merits of the discovery order, we must first determine whether extraordinary relief is available to defendant under the circumstances of this case. Appellate Rule 21 allows a party to seek extraordinary relief in an original action in this Court where relief would have been available at common law through a writ of mandamus, prohibition, or quo warranto. The "substantive relief afforded is the same [as the common law writs] . . . and the Rule does not purport to change the nature of the actions." *Bloomer* v. *Cheney*, 131 Vt. 552, 553, 311 A.2d 101, 102 (1973). Here, defendant's action can only be in the nature of mandamus.[2] Mandamus is a command from a

---

[1] Defendant did not wait to be held in contempt and appeal the contempt order. We do not consider whether a contempt order is reviewable in such circumstances.

[2] Defendant does not claim that the trial court has exceeded its jurisdiction as required for prohibition, nor does he claim that the trial court must be prevented from continuing to exercise an authority that has been unlawfully obtained for quo warranto. See generally 12 V.S.A. §§ 4041-4046. Repealed. 1971, No. 185 (Adj. Sess.), § 237 (superseded by V.R.A.P. 21).

higher authority to an administrator, executive, judicial officer or inferior tribunal to perform a particular act, to which the party seeking the relief has a clear right. See *Bargman v. Brewer*, 142 Vt. 367, 370, 454 A.2d 1253, 1255 (1983); *Bloomer*, 131 Vt. at 553, 311 A.2d at 102; *Whiteman v. Brown*, 128 Vt. 384, 386, 264 A.2d 793, 794 (1970).

We have stated that *"[m]andamus* is an extraordinary writ and invokes a drastic remedy." *Whiteman*, 128 Vt. at 386, 264 A.2d at 794. See also *Ex parte Fahey*, 332 U.S. 258, 259 (1947) ("[m]andamus, prohibition and injunction . . . are drastic and extraordinary remedies."). A writ of mandamus will rarely be issued where the act in question is judicial in nature because "mandamus will not lie to review the performance of official acts involving the exercise of judgment or discretion." *Bargman*, 142 Vt. at 369, 454 A.2d at 1255; see also *Carpenter's Administrator v. Brown*, 118 Vt. 148, 152, 102 A.2d 331, 333 (1954) (mandamus will not ordinarily lie to enforce the performance of judicial or quasi-judicial acts). Mandamus, therefore, will be invoked only in those exceptional cases where there is a " 'usurpation of judicial power' or a clear abuse of discretion." *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964) (quoting *Bankers Life & Casualty Co v. Holland*, 346 U.S. 379, 383 (1953)). See also *Bargman*, 142 Vt. at 370, 454 A.2d at 1255 (mandamus appropriate where there appears to be an arbitrary abuse of power).

■ Trial courts have broad discretion with respect to discovery matters. See *Castle*, 141 Vt. at 164, 446 A.2d at 353; see also *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir. 1977) (trial court has "very wide discretion in handling pretrial discovery"); *Borden*, 410 F.2d at 845 ("It is a well-established principle that the scope and conduct of discovery are within the sound discretion of the trial court."). In this case we hold that the trial court has not clearly abused its broad discretion to compel defendant to answer the interrogatories in question. It used the correct standard that the information be "reasonably calculated to lead to the discovery of admissible evidence." V.R.C.P. 26(b)(1). Even if we disagreed with the trial court on the results of applying that standard to the facts of this case, we could not find the clear abuse of trial court discretion that would warrant extraordinary relief.

■ Defendant has made a number of arguments to differentiate this case from one involving a routine difference of opinion over whether the material sought is within the general scope of

discovery. We find them unconvincing. Defendant has failed to demonstrate any factual basis for his claims pertaining to his constitutional right to privacy and damage to his reputation. He has not shown how the disclosure of prior claims of negligence against him falls within the "zones of privacy" protected under the Constitution. See *Roe* v. *Wade*, 410 U.S. 113, 152 (1973) ("only personal rights that can be deemed 'fundamental' or 'implicit in the concept of ordered liberty' . . . are included in this guarantee of personal privacy."). Nor has defendant shown that his reputation has been irreparably harmed. Disclosure of past claims of negligence does not make certain "the immediate destruction of a protected property right." *American Express Warehousing*, 380 F.2d at 281.

Defendant has also claimed that the trial court's order violates the physician-patient privilege. The court limited the information sought, however, to the names and addresses of any claimants against defendant. The privilege applies to "confidential communications," not names and addresses. V.R.E. 503(b). "While the information secured by the physician may be privileged, the fact that he has been consulted by the patient and has treated him . . . [is] not within the shelter of the privilege." McCormick on Evidence § 100, at 248-49 (3d ed. 1984).

Defendant has failed to show that the trial court clearly abused its discretion over discovery matters or that its order constituted a "usurpation of judicial power." *Schlagenhauf v. Holder*, 379 U.S. at 110. Therefore, defendant's petition is denied.

*Petition denied.*

**Peck, J.**, dissents without opinion.