The Honorable Douglas C. Kidd State Representative P.O. Box 137 Benton, Arkansas 72018-0137
Dear Representative Kidd:
This is in response to your request for an opinion on the following question:
 After a petition calling for a special school board meeting is presented to the president of a school board, how soon (in number of days) could the petitioners expect/or demand the school board to honor the petitioner's request and call the special school board meeting according to Arkansas state law?
The question you have posed is not clearly answered by Arkansas law, but in my opinion a court faced with the question would require the calling of a special meeting within a reasonable time.
The relevant Arkansas statute provides in pertinent part as follows:
 (a)(1) The board of directors shall hold regular monthly meetings during the school term and shall meet on call of the president or secretary or any three (3) members of the board or when petitioned to do so by a petition in writing signed by fifty (50) electors in the district.
A.C.A. § 6-13-619(a)(1) (Supp. 1997).
A school board is thus required to meet (i.e. "shall meet") "when petitioned to do so. . . ." This language is drafted in mandatory terms.See, e.g., Hattison v. State, 324 Ark. 317, 920 S.W.2d 849 (1996) (when the General Assembly uses the word "shall," the effect is mandatory unless an absurdity would result). Cf. also Whiteman v. Brown,128 Vt. 384, 264 A.2d 793 (1970) (state statute authorizing petition to call special school board meeting is drafted in mandatory terms, but judicial action for mandamus to force the holding of a meeting was not granted where, at time of judicial decision, board could not act on proposed subject matter of meeting).
In my opinion, therefore, assuming the petition is in proper form and signed by the requisite number of electors, the school board is required to hold a special meeting. The statute in question, however, does not speak to the time within which the special meeting must be held. It is my opinion, however, that a court faced with the question would impose a reasonable time requirement on the calling of the meeting. The statute above may not be thwarted, in my opinion, by the school district's failure to call or convene the meeting. There is precedent in analogous circumstances for the imposition of a "reasonable time" requirement. Cf.Lewis v. Conlee, Mayor, 258 Ark. 715, 529 S.W.2d 132 (1975) (mandamus should have been granted to require city council to set a referendum election within a reasonably prompt period of time, and city council's setting of election twenty-one months after request for referendum would nullify the intent of Amendment 7.) What constitutes a "reasonable time" may depend upon the circumstances and all the attendant facts. The question is ultimately one for a factfinder.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh