Sharon BJORNBERG v. Douglas POWELL and the Burton Corporation

[733 A.2d 84]

No. 99-181

June 1, 1999. Because the issues defendant seeks to have reviewed do not make this one of those rare cases in which extraordinary relief is an appropriate means for challenging a pretrial discovery order on the ground that the trial court abused its discretion, defendant's petition for extraordinary relief is denied. See *Chrysler Corp. v. Makovec*, 157 Vt. 84, 88-89, 596 A.2d 1284, 1287 (1991); *Monti v. State*, 151 Vt. 609, 611, 563 A.2d 629, 630 (1989). Further, because defendant has failed to demonstrate that the superior court abused its discretion in denying permission to appeal, defendant's request for interlocutory appeal is denied.

**Dooley, J.,** dissenting. Although phrased as an interlocutory appeal, or a petition for extraordinary relief, this is a true collateral order appeal. The superior court has ordered that plaintiff provide defendant's counsel copies of certain mental health and other medical records, but that defendant's counsel "must keep records in his office and not duplicate." Arguing that the limitation on use is not supported by the record in this case, defendant seeks review of that limitation. Our test for whether a collateral order appeal is appropriate is whether the ruling to be appealed "conclusively determines a disputed question," "resolves an important issue completely separate from the merits of the action" and "will be effectively unreviewable on appeal." V.R.A.P. 5.1(a). I doubt there is any dispute that this appeal meets that test.

Although we once treated collateral order appeals as nondiscretionary, our most recent decisions make clear that "collateral appeals are discretionary interlocutory appeals." *In re J.G.*, 160 Vt. 250, 252, 627 A.2d 362, 363 (1993). This does not mean, however, that our discretion is standardless or unlimited, as if we were a certiorari court. See *id.* at 255, 627 A.2d at 365. *J.G.* involved review of a decision to transfer a juvenile delinquency decision to district court to proceed as an ordinary criminal case, despite the age of the defendant. We held:

> The crucial inquiry is whether the transfer decision will be ef-

fectively unreviewable. Deciding this question requires an examination of whether the stigma that would result from a public hearing and the potential for incarceration outweighs this Court's policy against piecemeal review and the injustice that would result from delay of the proceedings on the merits of the case.

*Id.* (citations omitted).

The interests weighing against taking the appeal, as explained in *J.G.*, involve the disruption of the hearing and appellate process that may result while this Court considers an issue collateral to the merits. The disruption occurs because the case must be stayed pending the decision of the collateral order appeal. Here, there would be no stay and no delay in processing the merits of the case. No interest weighs against collateral order review.

The lack of disruption of the trial process is exactly why the standard used by the majority is inapplicable in this case. In *Castle v. Sherburne Corp.*, 141 Vt. 157, 163, 446 A.2d 350, 352-53 (1982), we held that discovery orders are ordinarily not subject to interlocutory review because:

> Even if such orders can be said to raise controlling questions of law, they will rarely have the potential to materially advance the termination of the litigation. On the contrary, interlocutory appeals from discovery orders will usually lead to piecemeal review and its attendant delays.

Understanding that *Castle* foreclosed interlocutory review, the plaintiff in *Ley v. Dall*, 150 Vt. 383, 553 A.2d 562 (1988), attempted to get a discovery dispute before this Court by a petition for extraordinary relief. We stressed that extraordinary relief cannot be used to end run the

appropriate limit on interlocutory review and thus must be available only sparingly in these circumstances. *Id.* at 385, 553 A.2d at 563. From that policy, we adopted the high threshold for the use of extraordinary relief in discovery disputes applied by the majority here. *Id.* at 386, 553 A.2d at 564.

In this case, defendant is not attempting to end run the appropriate limits on the availability of interlocutory review. The applicable interlocutory review standard plainly authorizes appellate review in this unusual circumstance because there will be no delays caused by piecemeal review. We do not have to get into restrictive extraordinary relief law, and the standard for when extraordinary relief is available does not apply.

Although I cannot find a reason to refuse to take this appeal, there are many reasons to take it. The protective order was issued in this case because plaintiff's counsel alleged that the insurance carrier funding the defense of the case kept medical records in a "computerized nationwide data stockpile" for use in other cases and for sharing with other carriers. If this is a ground for a protective order in this case, it is also a ground in any other case in which the carrier is involved. Rather than ducking the question and leaving it to endless protective order disputes, we should review the decision in this case. Indeed, if we conclude that the protective order was appropriate, we should consider a rule amendment on the use of discovery material, rather than continuing case-by-case resolution.

Other than using an inapplicable standard to determine whether to take this case, the majority has not told us why it is denying review, and I cannot find a proper reason. Accordingly, I dissent from the decision to deny the appeal. I am authorized to state that Justice Johnson joins in this dissent.