2007 VT 3

**Agnes CLIFT, John Clift, Sue Metcalf, Angela Crady, Kathryn Flynn, Francis Myers, Ruth Milhouse, Mary Lou Newhouse, et al. v. CITY OF SOUTH BURLINGTON**

[917 A.2d 483]

No. 06-155

¶ 1. January 18, 2007. Petitioners are a group of South Burlington voters who signed a petition requesting that the City of South Burlington add an advisory article to its 2005 town-meeting warning. The City refused because the article did not relate to "city business." Petitioners filed a complaint in Chittenden Superior Court, claiming that the South Burlington City Council was required by law to include the article in the warning. The superior court granted summary judgment to the City and we now affirm.

¶ 2. Petitioners and other South Burlington residents, totaling more than five percent of city voters, petitioned the Council to include the following article in the 2005 annual town-meeting warning:

> Shall the City of South Burlington, on behalf of concerned citizens, advise the City Council to ask our state legislators, in writing, to enact legislation that will pro-

tect young girls by requiring clinics to notify at least one parent prior to providing a surgical or chemical abortion to their minor daughter, with special provisions to protect girls in abusive situations?

At a duly warned meeting in April 2005, the Council took up for consideration the issue of the 2005 town-meeting warning. After a discussion that included Council members and city residents, including several petitioners, the Council decided not to submit the petitioned article to voters because it did not concern "city business." This led the Council to approve the warning without inclusion of petitioners' article.

¶ 3. In May 2005, petitioners filed a challenge to the Council's decision in superior court, seeking an order — in the nature of mandamus — to compel the City to include the advisory article either in the 2006 town-meeting warning or a special-meeting warning. In reply, the City asserted that its refusal to include the article in the warning was within its lawful discretion. The parties filed cross-motions for summary judgment. In March 2006, the superior court granted the City's motion, opining that the article submitted by petitioners "does not relate to city business in the sense that it does not address a matter under the general supervision, legal authority or control of the City or of City voters." This appeal followed.

¶ 4. We review a grant of summary judgment using the same standard as the trial court. *In re Griffin*, 2006 VT 75, ¶ 11, 180 Vt. 589, 904 A.2d 1217 (mem.). We will affirm the lower court's decision "if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* There are no material facts in dispute in this case; however, the parties disagree as to whether including petitioners' arti-

cle in the warning is a ministerial duty of the City compelled by law.

¶ 5. Under 17 V.S.A. § 2642(a), a municipality is required to include the following in its annual town-meeting warning:

the date and time of the election, location of the polling place or places, and the nature of the meeting or election. [The warning] shall, by separate articles, specifically indicate the business to be transacted, to include the offices and the questions to be voted upon. The warning shall also contain any article or articles requested by a petition signed by at least five percent of the voters of the municipality and filed with the municipal clerk not less than 40 days before the day of the meeting.

While petitioners complied with the procedural requirements of the statute — that the petition be signed by more than five percent of voters and submitted more than forty days before the meeting date — our precedent indicates that the City was nonetheless justified in declining to include petitioners' article in the town-meeting warning.

¶ 6. Over the past thirty-seven years, this Court has consistently held that municipalities must have some discretion over the issues that are presented to voters at town meeting. Beginning with *Royalton Taxpayers' Protective Ass'n v. Wassmansdorf*, we have interpreted our statutes to compel municipalities to present an article to voters only when "the purpose stated in such petition set[s] forth a clear right which [i]s within the province of the town meeting to grant or refuse through its vote." 128 Vt. 153, 160, 260 A.2d 203, 207 (1969). In *Whiteman v. Brown*, we determined that the prede-

cessor statute to 17 V.S.A. § 2642(a) implicitly limited a municipality's duty to warn to "business to be transacted." 128 Vt. 384, 387, 264 A.2d 793, 795 (1970). "If the article sought to be included does not, in any way, constitute business proper and appropriate for transaction by the meeting, the statute ought not to be construed to compel its inclusion." *Id.* We dealt specifically with the issue of whether a properly petitioned advisory article must be warned in *Brewster v. Mayor of Rutland,* 128 Vt. 437, 266 A.2d 428 (1970). There, we held that the effect of the advisory article petitioned by local voters would be nugatory and serve no lawful purpose and therefore declined to issue a writ of mandamus to compel its inclusion in a special-meeting warning.* *Id.* at 440, 266 A.2d at 430. More recently, in *Town of Brattleboro v. Garfield,* we stated that the statutory right of voters to petition an article for a municipal vote is "subject to the restriction that the business petitioners seek to conduct at that meeting is properly delegated to the voters' authority." 2006 VT 56, ¶ 12, 180 Vt. 90, 904 A.2d 1157.

¶ 7. We find petitioners' attempt to distinguish the present case from *Wassmansdorf* and its progeny unavailing. Here, petitioners requested a town-meeting vote on an issue wholly outside the purview of the City and its voters. Neither South Burlington's voters nor its city council are required to advise the Legislature on a bill pending at the State House. While the City could have warned the advisory article and presented it to voters, it was under no obligation to do so. To decide otherwise would be to subject the town meeting — a forum primarily for conducting municipal business — to debate on every social issue of interest to voters. Allowing the City discretion to warn advisory articles, such as the one presented by petitioners, furthers the Council's ability to balance the efficient transaction of city business with the provision of a local forum for discussing state and national issues.

¶ 8. Petitioners' claim that the 1978 amendment to 17 V.S.A. § 2103(27) defining "public question" to include nonbinding articles requires the Council to warn the petitioned advisory article is likewise without merit. The amendment authorizes nonbinding advisory votes at town meeting. It does not, however, change our general analysis that § 2642(a) provides municipalities with discretion over whether to present an article to voters — even a nonbinding article included under § 2103(27) — when it does not at all relate to municipal business or any matter falling within municipal authority. Mandamus is inappropriate here because inclusion of petitioners' article in the town-meeting warning was not a ministerial duty compelled by 17 V.S.A. § 2642(a), and we therefore uphold the trial court's grant of summary judgment in favor of the City. See *Sagar v. Warren Selectboard,* 170 Vt. 167, 171, 744 A.2d 422, 426 (1999) (holding that mandamus is generally inappropriate for discretionary decisions absent a showing of arbitrary abuse of discretion).

¶ 9. As a final matter, we briefly consider petitioners' argument that the City's action in refusing to warn the advisory article was a violation of petitioners' right to assemble under Chapter I, Article 20 of the Vermont Constitution. Petitioners offer no legal authority for their claim. On the contrary, they admit that they lack case law to support their posi-

---

* While the *Wassmansdorf* line of cases decided in the late 1960's and early 1970's involved predecessor statutes to the one at issue — including 24 V.S.A. § 704 — the language of those statutes was sufficiently similar to 17 V.S.A. § 2642(a) to warrant a similar interpretation here.

tion and rely on faulty reasoning to reach the conclusion that a town-meeting vote on a petitioned advisory article is a constitutional right. Petitioners reason that because Chapter I, Article 20 "has remained unchanged for 229 years" and within that time, use of the nonbinding, advisory article "has been a regular feature of town meeting," there must exist a constitutional right to a town-meeting vote on petitioned advisory articles. One does not necessarily have anything to do with the other, however, as Vermont municipalities have historically had the discretion to present advisory articles to voters. Thus, we are unpersuaded by petitioners' constitutional claim.

*Affirmed.*